**Yancy John LANDRY**

v.

**TRAVELERS INDEMNITY CO., et al.**

**Civ. A. No. 86–1341–L.**

United States District Court,
W.D. Louisiana,
Lafayette/Opelousas Division.

Jan. 30, 1989.

Cameron B. Simmons, Jeanerette, La., for plaintiff.

Cornelius, Sartin & Murphy, Russell M. Cornelius, New Orleans, La., for Fidelity & Cas. Co. of N.Y.

Michael J. Maginnis, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Nat. Offshore Corp. and State Boats Operators and CIGNA Ins. Co.

Frank X. Neuner, Jr., Laborde & Neuner, Dean A. Cole, Lafayette, La., for Underwriters at Lloyds as Excess for Travelers Indem. Delmar Offshore and Delmar Systems.

David F. Bienvenu, Carmouche, Gray & Hoffman, New Orleans, La., for Mobil Oil and Mobil Producing Tx.

## RULING

NAUMAN S. SCOTT, District Judge.

Before us is a Motion for Summary Judgment filed by defendants Insurance Company of North America (INA) and CIGNA Insurance Company (CIGNA).

Plaintiff filed this suit under the Jones Act and the general maritime law against his employers to recover damages for injuries allegedly sustained while in the course of his employment. Subsequently, plaintiff sued movants INA and CIGNA as insurers of plaintiff's employers State Boat Operators, Inc. and/or National Offshore Corporation.[1]

LSA–R.S. 22:655 provides a right of direct action against an insurer in three limited instances: (1) if the accident occurred in Louisiana; (2) if the policy was issued in Louisiana; or (3) if the policy was delivered in Louisiana. *Webb v. Zurich Insurance Co.*, 251 La. 558, 205 So.2d 398 (1967).

Plaintiff does not contest that the accident did not occur in Louisiana. Nor that the policy was not written in Louisiana.

▮▮▮ Instead, plaintiff contends that when the INA policy was issued through Adams & Porter International, Inc. in Houston, Texas and delivered to the offices of State Boat Corporation in Houston, Texas, the policy was thereby "constructively delivered" in Louisiana to State Boat Operators, Inc. in Louisiana.[2] As authority, plaintiff refers us to *Schexnider v. McDermott International, Inc.*, 688 F.Supp. 234 (W.D.La.1988). In *Schexnider*, the Court found 'constructive delivery' in Louisiana when the policy was delivered to the in-

---

1. Actually, plaintiff's amended complaints refer to CIGNA and INA as insurers only of State Boat Operators. But, movants' Memorandum in Support says plaintiff alleges that INA and CIGNA are insurers of both State Boat Operators and National Offshore Corporation.

    CIGNA tells us by affidavit that it never provided insurance for either State Boat or National Offshore. In his Memorandum in Opposition, plaintiff indicates that he sued CIGNA in the belief that CIGNA was part of a consortium of carriers on behalf of INA. Otherwise, plaintiff presents no evidence of CIGNA's involvement.

    Given our dismissal of the claims against INA and given the evidence concerning CIGNA, we

find judgment as a matter of law dismissing the claims against CIGNA to be proper. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986).

2. In his Supplemental Memorandum, plaintiff also argues *actual* delivery in Louisiana because Adams & Porter would send "certificates of insurance" to State Boat Operators, Inc. in Morgan City so that State Boat could show its customers what insurance it carried. Plaintiff cites no authority for his argument. We hold that mere proof an insurance policy exists does not constitute delivery of the policy.

sured's Houston office "to avoid the application of the Louisiana Direct Action Statute in those instances where the accident did not occur in Louisiana." *Schexnider, supra* at 236. We decline to follow *Schexnider*.

When a law is clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. La.C.C. art. 13. "Nothing in the Louisiana Direct Action Statute precludes a business decision to accept delivery of an insurance policy outside the state so as to avoid the application of the statute to accidents which occur outside the state." *Burgess v. Del–Mar Systems*, No. 88–2100 (E.D.La. Dec. 28, 1988) [1988 WL 141946] (order and reasons granting summary judgment). The Fifth Circuit has also rejected application of "constructive delivery":

> [Plaintiff] argues that it contravenes public policy to allow a company with significant and ongoing business contacts with the State of Louisiana to "evade" the direct action statute by purchase and delivery of insurance by an out-of-state affiliate; what merits, if any, that argument possesses are plainly addressed to the wrong audience. We take the statute as written by the legislature and reject [plaintiff's] theories.

*Signal Oil & Gas Co. v. Barge W–701*, 654 F.2d 1164, 1175 (5th Cir.1981).[3]

Accordingly, plaintiff's claims against Insurance Company of North America and CIGNA Insurance Company are dismissed.

Motion for Summary Judgment GRANTED.

---

**3.** As noted, we decline to follow *Schexnider*, because we decline to graft the doctrine of constructive delivery onto the direct action statute. However, *Schexnider* is also factually distinguishable. In *Schexnider*, the out-of-state office to which delivery was made was, in fact, the office of a subsidiary of the Louisiana parent. In this matter, the out-of-state office to which delivery was made was the parent (State Boat Corporation). State Boat Operators, Inc. of Morgan City is a subsidiary of State Boat Corporation in Houston. Thus, the facts before us parallel *Signal Oil & Gas Co., supra*, not *Schexnider*.