**Kally C. MILLER, et al.**

v.

**GRIFFIN–ALEXANDER DRILLING CO., et al.**

**Civ. A. No. 85–0337–L.**

United States District Court,
W.D. Louisiana,
Lafayette Division.

July 3, 1989.

Pugh & Boudreaux, Charles Boudreaux, Lafayette, La., for Walter B. Comeaux and Cameron Parish Hosp. Service Dist.

Preis, Kraft, LaBorde & Daigle, Edwin G. Preis, Jr., and D.C. Panagiotis, Lafayette, La., for defendants.

Terriberry, Carroll & Yancey, Robert S. Reich, Stephanie C. Hildebrandt, New Orleans, La., for Bethlehem Steel Corp.

Raggio, Cappel, Chozen & Berniard, L. Paul Foreman, Lake Charles, La., for Richard D. Sanders, M.D. and Richard D. Sanders, M.D., a Professional Medical Corp.

Roy, Carmouche, Bivins, Judice, Henke & Breaud, Harmon F. Roy, Lafayette, La., for Edmund Nagem, Jr., M.D., James R. Bozeman, M.D. and Louisiana Medical Mut. Ins. Co.

Watson, Blanche, Wilson & Posner, Randall L. Champagne, Baton Rouge, La., for Our Lady of Lourdes Regional Medical Center.

Keaty & Keaty, Robert B. Keaty, Lafayette, La., for plaintiffs.

Neblett, Beard & Arsenault, Richard J. Arsenault, Alexandria, La., pro se.

Faris, Ellis, Cutrone & Gilmore, Mat M. Gray, III, Trial Atty., New Orleans, La., for Lloyd's Underwriters.

### RULING

NAUMAN S. SCOTT, District Judge.

Before us is a Motion for Summary Judgment filed by Certain Underwriters at Lloyd's.[1]

Certain Underwriters is the excess insurer of plaintiff's Jones Act employer, defendant Griffin–Alexander Drilling Company. Plaintiff settled his claims against Griffin–Alexander in September, 1988, at which time we permitted plaintiff to file a Sixth Amended Petition naming Certain Underwriters as an additional party defendant.

Certain Underwriters now maintains that suit against it cannot be maintained under the Louisiana Direct Action Statute, LSA–R.S. 22:655. We agree.

To invoke the Louisiana Direct Action statute in a maritime action for injury sustained on the high seas, the insurance policy in question must have been issued in or delivered in Louisiana. *See Vincent v. Penrod Drilling Co.*, 372 So.2d 807, 811 (La.App. 3d Cir.1979) (citations omitted).

Plaintiff does not controvert the affidavit submitted by Certain Underwriters attesting that the policy here was neither issued nor delivered in Louisiana. *See also, Landry v. Travelers Indemnity Co.*, 704 F.Supp. 109 (W.D.La.1989).

Instead, plaintiff alleges that his injury was aggravated by negligent medical treat-

**1.** "Certain Underwriters" is shorthand for Roger Keith Larkin as nominee for Certain Underwriters at Lloyd's, London, severally subscribing to Policy No. 834/EC 83000 25/5 with Insurance Corporation of North America (UK), Ltd. "G" A/C, Indemnity Marine Assurance Company, Ltd., "T" A/C, Prudential Assurance Company, Ltd., Group 9, Excess Insurance Company, Ltd., Ocean Marine Insurance Company, Ltd., Road Transport and General Insurance Company, Ltd., Cornhill Insurance p.l.c. "M" A/C, Threadneedle Insurance p.l.c. "Q" A/C, Sphere Drake Insurance Company 2 A/C, Dai Tokyo Insurance Company, Ltd., and Andrew Weir Insurance Company, Ltd.

ment in Louisiana. Accordingly, plaintiff contends, his injury occurred in Louisiana because, under the Jones Act and general maritime law, a shipowner has a duty to provide adequate medical care to its seamen and may be vicariously liable for the negligence of a physician it chooses to treat its seamen.

We previously dismissed plaintiff's pendent party claims against various physicians and hospitals for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. *Miller v. Griffin–Alexander Drilling Co.,* 685 F.Supp. 960 (W.D.La.1988). *See Miller v. Griffin–Alexander Drilling Co.,* 873 F.2d 809 (5th Cir.1989). *See also, Finley v. U.S.,* — U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). Plaintiff cannot circumvent our prior Ruling by arguing that his maritime injury occurred in Louisiana.

Rather, the "tort giving rise" to the liability of Certain Underwriters and its insured, Griffin–Alexander, occurred on the high seas, beyond the territorial waters of Louisiana. *Sprow v. Hartford Ins. Co.,* 594 F.2d 412, 414 n. 3 (5th Cir.1979). Plaintiff cannot bootstrap Griffin–Alexander's insurer by means of the Direct Action Statute simply because maritime law recognizes an expansive relationship between seamen and shipowners/employers.

Motion for Summary Judgment is GRANTED.