Yancy John **LANDRY,**
**Plaintiff–Appellant,**

v.

**TRAVELERS INDEMNITY CO.,** et al., **Defendants,**

**Insurance Company of North America,**
**Defendant–Appellee.**

**No. 89–4231.**

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1989.

---

Before GARZA, WILLIAMS, and DAVIS, Circuit Judges.

GARZA, Circuit Judge:

Finding the insurance policy was written and delivered in Texas and that the accident occurred in the territorial waters of Texas, the district court properly granted summary judgment for the appellee on the basis that the Louisiana Direct Action Statute did not apply to this scenario and that the narrow concept of "constructive delivery" could not be utilized to allow application of the statute.

I. How It All Began

The appellant, Yancy John Landry, brought this action on June 17, 1986, under the Jones Act for alleged negligence and General Maritime Law for alleged unseaworthiness to recover damages for personal injuries that he suffered on June 18, 1985, while working as an anchor handler within the course and scope of his employment aboard the M/V STATE COMMAND. More significantly to this appeal, Appellant also brought a direct action against the defendants' liability insurers, Travelers Indemnity Company, Lloyds of London, Fidelity & Casualty Company of New York, CIGNA Insurance Company (CIGNA) and Insurance Company of North America (INA). After certain bankruptcy proceedings, CIGNA and INA filed a Motion to Dismiss for no Right of Action, which was treated by the District Court as Motion for Summary Judgment. As grounds for the motion, CIGNA asserted that it provided no insurance coverage for the defendants, and INA argued that appellant does not have a right of direct action against it under the Louisiana Direct Action Statute. LSA–R.S. 22:655.

In a written instrument styled "Ruling" dated January 30, 1989, 704 F.Supp. 109, the District Court granted the Motion for Summary Judgment. On March 7, 1989, judgment was rendered under FRCP 54(b),

John E. Conery, Franklin, La., Cameron B. Simmons, Jeanerette, La., for plaintiff-appellant.

Michael J. Maginnis, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Ins. Co. of N. America.

dismissing the claims against CIGNA and INA. On the same day, appellant gave notice of this appeal from the judgment insofar as it dismisses INA. No appeal has been taken from the dismissal of CIGNA. Inasmuch as appellant has settled his claims against all of the other defendants, only State Boat Operators, Inc., National Offshore Corporation and INA continue to have an interest in the outcome of this case.

## II. The Relevant Facts

The injury sustained by appellant happened while the M/V STATE COMMAND was in the Texas territorial waters of the Gulf of Mexico. This vessel was chartered by Mobil but owned by State Boat Operators, Inc., a subsidiary of State Boat Corporation, which was headquartered in Houston, Texas. INA provided the insurance coverage for the vessels under a policy issued through a Texas agent, Adams & Porter International, Inc. This policy was written and delivered to State Boat Operators, Inc. at National Offshore Corporation's headquarters in Houston, Texas. Subsequently, certificates of insurance were mailed to Morgan City, Louisiana, which were used in obtaining work for the boats. All of the boats insured by this policy were stationed in Morgan City, Louisiana.

## III. The Issue

The issue in this case is whether the policy, which was written and delivered in Texas can be considered to be "constructively delivered" in Louisiana since the insured property operated out of a home port in Louisiana and certificates of insurance were mailed to Louisiana.

## IV. The Law

■ Under Louisiana law, a right of direct action may be brought against an insurer in only three limited instances:

(1) if the accident *occurred* in Louisiana;

(2) if the policy was *written* in Louisiana;

or (3) if the policy was *delivered* in Louisiana.

LSA–R.S. 22:655.[1]

Appellant concedes that the accident did not occur in Louisiana nor was the policy written in Louisiana. Rather, appellant contends that when the INA policy was issued through Adams & Porter International, Inc., in Houston, Texas, and delivered to the offices of State Boat Corporation in Houston, Texas, the policy was thereby "constructively delivered" in Louisiana to State Boat Operators, Inc., because the certificates of insurance were forwarded to the Morgan City office. As authority, appellant relies upon *Schexnider v. McDermott International, Inc.*, 688 F.Supp. 234 (W.D.La.1988). In *Schexnider*, the Court found "constructive delivery" in Louisiana when the policy was delivered to the insured's Houston office "to avoid the application of the Louisiana Direct Action Statute in the instances where the accident did not occur in Louisiana." *Schexnider* at 236. The facts in *Schexnider* are also distinguishable from the facts in the present matter. In *Schexnider*, the out of state delivery was made to a subsidiary of a Louisiana parent company with the specific intent of avoiding the direct action statute. However, the opposite is true in this scenario, State Boat Corporation in Houston, Texas, is the parent corporation of its subsidiary, State Boat Operators, Inc., in Morgan City, Louisiana. Further, there is no evidence of this delivery taking place in Houston for the sole purpose of avoiding the Louisiana Direct Action Statute. Rather, all of the corporate headquarters were located in Houston, which made Houston a logical choice for the delivery.

The District Court correctly distinguished *Schexnider* and relied on the laws of Louisiana and controlling case law set forth by this Court.

1. *See, Webb v. Zurich Insurance Co.*, 251 La. 558, 205 So.2d 398 (1967); *Signal Oil & Gas Co. v. Barge W–701*, 654 F.2d 1164 (5th Cir.1981).

When a law is clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. La.C.C. art. 13. Nothing in the Louisiana Direct Action Statute precludes a business decision to accept delivery of an insurance policy outside the state so as to avoid the application of the statute to accidents which occur outside the state. *Burgess v. Del–Mar Systems,* No. 88–2100, 1988 WL 141946 (E.D.La. Dec. 28, 1988) (order and reasons granting summary judgment).

Further, this Court has previously rejected the application of "constructive delivery" to the Louisiana Direct Action Statute, specifically stating:

> [Plaintiff] argues that it contravenes public policy to allow a company with significant and ongoing business contacts with the State of Louisiana to "evade" the direct action statute by purchase and delivery of insurance by an out-of-state affiliate; what merits, if any, that argument possesses are plainly addressed to the wrong audience. We take the statute as written by the legislature and reject [plaintiff's] theories. (Emphasis added)

*Signal Oil & Gas Co. v. Barge W–701,* 654 F.2d 1164, 1175 (5th Cir.1981).

Appellant suggests that the policy and purpose behind the statute should determine the extent of its reach. In *Webb,* the Louisiana Supreme Court summarized the objective of the statute as follows:

> As presently written, the Louisiana direct action statute represents the culmination of a long developmental process which began with the passage of Act 253 of 1918, and, despite ingenuous legal arguments seeking to restrict its application, has been gradually expanded in scope by the legislature and the courts to enlarge the remedy thus made available to a person injured through the fault of a tortfeasor. The end result has been to make a fund directly available to one

injured as the result of the acts of an insured, provided there are minimum contacts in Louisiana.[2]

*Webb v. Zurich Insurance Co.,* 205 So.2d 398 (La.1967).

While this may be the policy behind the statute, the Louisiana legislature has not chosen to extend the application of the direct action statute to the extent of its long arm statute and the wording of the statute remains clear. While such an extension may be available under the minimum contacts standard of *International Shoe*[3], this forum is not the proper place for such an assertion.

## V. The End Result

After reviewing the contacts presented and applicable law, the District Court correctly distinguished *Schexnider* and instead relied upon *Signal Oil* and the laws of Louisiana. The contacts may to be sufficient to satisfy due process standards for jurisdiction under *International Shoe,* but more importantly, the Louisiana Direct Action Statute still reads "written, delivered, or occurred" in Louisiana. Accordingly, the district court's decision is in all things,

AFFIRMED.

**2.** See also, *Davies v. Consolidated Underwriters,* 199 La. 459, 6 So.2d 351 (1942); *West v. Monroe Bakery, Inc.,* 217 La. 189, 46 So.2d 122 (1950); and *Morison v. New Hampshire Ins. Co.,* 249 La. 546, 187 So.2d 729 (1966).

**3.** *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).