**CONTINENTAL INSURANCE COMPANY, et al.**

v.

**JANTRAN, INC.**

**Civ. A. No. 94–2550.**

United States District Court, E.D. Louisiana.

Nov. 15, 1995.

Christopher E. Carey, Arthur Gordon Grant, Jr., Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for Continental Insurance Company and Bunge Corporation.

Maurice C. Hebert, Jr., Georges M. Legrand, Hebert, Mouledoux & Bland, New Orleans, LA, Gerald H. Jacks, Thomas B. Janoush, Jacks, Adams & Westerfield, Cleveland, MS, for Jantran, Inc.

### ORDER AND REASONS

BERRIGAN, District Judge.

This matter comes before the Court on: (1) motion for summary judgment filed by Sphere Drake Insurance p.l.c. ("Sphere Drake"); (2) motion to compel arbitration and stay cross-claim filed by Sphere Drake; and (3) motion for summary judgment on coverage filed by Jantran, Inc. ("Jantran"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the claim against Sphere Drake should be dismissed and that the cross-claim between Jantran and Sphere Drake is subject to mandatory arbitration in London.

This litigation arises out of an incident on the Mississippi River in Arkansas in November 1993, when several barges owned by Bunge Corporation ("Bunge") broke away from a fleet. Bunge and its insurer, Continental Insurance Company, allege that Jantran's vessel negligently secured the Bunge barges in the fleet. Sphere Drake was added as a defendant pursuant to the Louisiana Direct Action Statute, La.Rev.Stat. 22:655, and Jantran has filed a cross-claim against Sphere Drake for insurance coverage.

## DIRECT ACTION

In its motion for summary judgment, Sphere Drake seeks dismissal as a direct party defendant. It claims that it is not subject to the Louisiana Direct Action Statute because Louisiana law does not apply to this matter and, even if it did, the Direct Action Statute does not. As to the first argument, the Court notes that the Louisiana Supreme Court has recently confirmed that "[t]he direct action statute does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." *Descant v. The Administrators of the Tulane Educational Fund,* 639 So.2d 246 (La.1994). The use of the procedure afforded by the Direct Action Statute is widely recognized, where otherwise appropriate, in admiralty cases such as this. *See: Crown Zellerbach Corp. v. Ingram Industries, Inc.,* 783 F.2d 1296 (5th Cir.1986), *cert. denied,* 479 U.S. 821, 107 S.Ct. 87, 93 L.Ed.2d 40 (1986).

■ However, the Direct Action Statute can only be applied when at least one of the following prerequisites has been met: (1) the policy was written in Louisiana; (2) the policy was delivered in Louisiana; or (3) the accident occurred in Louisiana. *Landry v. Travelers Indemnity Co.,* 890 F.2d 770 (5th Cir.1989). Because it is undisputed that the subject accident did not occur in Louisiana, the issue is narrowed to the alleged writing and delivery of the Sphere Drake policy in Louisiana.

■ The basic facts surrounding the writing and issuing of the Sphere Drake policy are undisputed. Jantran, a Mississippi corporation with its place of business in Mississippi, approached H. Elder Brown, Jr. ("Brown"), president of Continental Underwriters, Ltd. ("Continental") in Covington, Louisiana, to obtain P & I coverage for it. Continental then contacted Keith Wren ("Wren") of John Plumer & Partners, Ltd. ("John Plumer"), in London to secure the coverage. This practice is customary in ob-taining London coverage because of restrictions against a London underwriter dealing directly with an American broker.

John Plumer prepared a "slip" regarding Jantran's coverage and submitted it to Sphere Drake, who modified the slip and returned it to John Plumer. John Plumer submitted a second slip with Sphere Drake's revisions, which was approved by Sphere Drake on February 22, 1993, for coverage for the twelve month period beginning February 20, 1993. An endorsement dated April 19, 1993, was submitted by Continental to John Plumer, who in turn submitted it to Sphere Drake, which approved it as part of its policy No. 93SBAER00513 with Jantran.

According to Wren, at some time after June 3, 1993, Sphere Drake issued to John Plumer under cover letter dated June 3, 1993, a copy of Sphere Drake's "Certificate of Insurance" and Sphere Drake's Marine Insurance Policy SD350/93; all of this took place in England. According to the affidavit of Brown, at some time after coverage was bound, Continental prepared for Jantran a document entitled "Certificate of Insurance," CUL No. 12909.023. Continental did not deliver this document to Jantran in its Mississippi offices, but instead delivered it to Jantran's representatives when they were in Continental's Covington office in June of 1994, *after* litigation over this dispute had been instituted.[1]

Under these facts, Jantran argues that the certificate issued by Continental constituted the policy for purposes of the Direct Action Statute and was written and delivered in Louisiana. Little more than argument and allegation support this position, however. Even assuming that the Continental certificate was signed, Jantran's argument fails: (1) under the terms of the Sphere Drake policy and even the terms of Continental's own certificate, the policy had to be issued by Sphere Drake, not the plaintiff's broker; (2) Sphere Drake did not authorize Continental to issue Sphere Drake policies; (3) the insured's broker's certificate of insurance is not

---

1. Bunge had instituted suit against Jantran in the United States District Court for the Northern District of Mississippi on April 29, 1994. Mississippi does not have a Direct Action Statute.

a policy;[2] (4) Continental was acting on behalf of Jantran, not Sphere Drake. Jantran's argument that the Sphere Drake policy is incomplete fails at its own logic: the only Sphere Drake policy that has been presented to the Court is that which was delivered to John Plumer in London; no other Sphere Drake policy is at issue. Any action Jantran may have against a broker is not at issue in this motion.

■ Turning next to the issue of delivery, Jantran argues that Sphere Drake's delivery to John Plumer in London cannot be considered since this delivery was a means of avoiding the Direct Action Statute. However, the Court finds that this result alone does not give rise to the possibility of "constructive delivery" as recognized by the Fifth Circuit in *Grubbs v. Gulf International Marine, Inc.* 13 F.3d 168 (5th Cir.1994). *None* of the factors raising a genuine issue of material fact in *Grubbs* exist here, where a London underwriter is following English law and long established procedures. This case falls squarely into that line of Fifth Circuit cases that recognizes "[n]othing in the Louisiana Direct Action Statute precludes a business decision to accept delivery of an insurance policy outside the state so as to avoid the application of the statute to accidents which occur outside the state." *Landry,* 890 F.2d at 773. See also: *Signal Oil & Gas Co. v. Barge W–701,* 654 F.2d 1164 (5th Cir.1981), *cert. denied,* 455 U.S. 944, 102 S.Ct. 1440, 71 L.Ed.2d 656 (1982). Facts offered by Jantran that may be relevant to an inquiry regarding personal jurisdiction have no place in determining the applicability of the Direct Action Statute.

Jantran's argument that John Plumer may be acting as an agent for Sphere Drake lacks factual support. Jantran tries to raise a dispute by questioning whether John Plumer was acting as Jantran's agent for purposes of the Direct Action Statute since no employee of Jantran ever met a representative of John Plumer. While this circumstance alone does not raise a genuine issue of material fact as to John Plumer's status, the inquiry into whether Plumer acted as an agent for Jantran is distinct from whether he acted as an agent for Sphere Drake. In any event, the affidavit of Nell D.A. Bell offered by Sphere Drake establishes what other facts surrounding the procurement of this insurance reflect: John Plumer is not an agent of Sphere Drake for purposes of the Louisiana Direct Action Statute.

Finally, the appropriateness of applying the Direct Action Statute to a maritime case involving an accident on the Mississippi River in Arkansas involving two non-Louisiana corporations is questionable.[3] The fact that this litigation was first filed in Mississippi may well reflect that its inapplicability was once recognized by those involved in this matter as well.

## ARBITRATION

Sphere Drake asks the Court to enforce an arbitration agreement contained in the policy it issued to Jantran, which provides:

> ... any difference between the Company and the Assured arising out of or in connection with the Policy of Insurance shall be referred to arbitration in London in accordance with the Arbitration Acts 1950 to 1979 and any statutory modification or enactment thereof for the time being in force.

In *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex),* 767 F.2d 1140 (5th Cir.1985), the Fifth Circuit clarified the ground rules regarding arbitration clauses under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201–208 ("the Convention"). In *Sedco,* a limited inquiry into four factors to determine the propriety of arbitration under the Convention was recognized:

> 1. Is there an agreement to arbitrate the dispute or is the agreement broad or narrow;

**2.** The undersigned has previously declined to recognize a document issued by a broker and entitled "Confirmation of Insurance" as a policy for Direct Action Statute purposes. *Aggregate Barges, Inc. v. Gulf Marine Towing, Inc.,* 1995 WL 96624 (E.D.La.).

**3.** The Court notes that Jantran has claimed lack of personal jurisdiction as a defense in its answer.

2. Does the agreement provide for arbitration in the territory of a Convention signatory;

3. Does the agreement to arbitrate arise out of a commercial legal relationship;

4. Is a party to the agreement not an American citizen.

*Id.,* at 1144–1145. In *Sphere Drake Insurance PLC v. Marine Towing, Inc.,* 16 F.3d 666 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994), the Fifth Circuit had the opportunity to examine a Sphere Drake arbitral clause in an insurance policy and found that it did not have to be signed in order to constitute an "agreement in writing" for purposes of the first factor. Because the other three factors exist in this case, Sphere Drake asks for an order compelling arbitration.

In an effort to avoid the limited inquiry described by the Fifth Circuit in *Sedco,* Jantran argues that: (1) the arbitration clause is ambiguous; (2) the Convention and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq* ("FAA"), are preempted by the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq;* (3) Louisiana law voids the application of the Convention and the FAA; (4) there is no agreement to arbitrate; (5) the arbitration clause is an invalid and unenforceable adhesion contract; (6) the claims raised by Jantran fall outside the scope of the arbitration clause; and (7) it is not practicable to compel arbitration.

The Court disagrees that the arbitration clause is generally unenforceable. Because Jantran's more general arguments are largely unsupported, the Court will deal with them summarily. First, the Court finds that the arbitration clause is clearly unambiguous.[4] Instead, Jantran's first argument actually attacks the fact that it is a "broad" arbitration clause, which is specifically recognized in this Circuit. *Sedco,* 767 F.2d at 1145. Like the clause says: "any difference" between the parties "arising out of or in connection with

the Policy of Insurance" are subject to arbitration.

■ Jantran's second and third arguments regarding the inapplicability of the arbitration clause because of federal and state statute regulating insurance have been thoroughly analyzed by Judge McNamara in *McDermott International, Inc. v. Underwriters at Lloyd's London, etc.,* 1992 WL 37695 (E.D.La.1992), *appeal dismissed,* 981 F.2d 744 (5th Cir.1993), *cert. denied,* —— U.S. ——, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993) and *In the Matter of an Arbitration Between The West of England, etc.,* 1992 WL 37700 (E.D.La.1992), *appeal dismissed,* 981 F.2d 749 (5th Cir.1993), *reh'g denied,* 992 F.2d 326 (5th Cir.1993). The Court agrees with Judge McNamara that the McCarran–Ferguson Act does not apply to contracts made under the Convention and does not require the application of state law which prohibits enforcement of mandatory arbitration.[5] Judge McNamara's reasoning in those cases is fully adopted herein.

■ Jantran's fourth argument regarding the lack of agreement to arbitrate was unavailing in *Sphere Drake,* where that insured, like Jantran, did not receive a copy of the policy prior to the loss. Again, any dispute Jantran may have with its brokers falls outside of the scope of the issues presented by Sphere Drake. Here, as in *Sphere Drake,* the arbitral clause is part and parcel of the policy which allegedly provides the coverage claimed by Jantran. Finally, the Court finds that Jantran has provided no persuasive authority for its fifth and sixth arguments and concludes that the clause is not an unenforceable adhesion contract and that the claims made by Jantran do not somehow fall outside its scope. The broadness of the clause does not diminish its reach, it enlarges it. *Sedco,* 767 F.2d at 1145.

In sum, Jantran does not dispute any fact relevant to the inquiry mandated by *Sedco.* "If these requirements are met, the Conven-

---

4. For purposes of this discussion, the Court will assume that Jantran's assumption that Louisiana law applies to the Sphere Drake policy could be supported. If it were necessary to pass on the issue, however, the Court would find that Louisiana law does not apply.

5. Again, no meaningful authority for the application of Louisiana law to this policy has been forthcoming.

tion requires district courts to order arbitration." *Sedco*, 767 F.2d at 1145. The Court is not only unwilling and unable to disregard the law as enacted by Congress, it also disagrees with Jantran that the enforcement of arbitration clauses increases the quantity of unnecessary effort associated with dispute resolution. The Court's inquiry into arbitration is a "limited" one, notwithstanding whatever additional effort and resources a party may choose to expend in trying to expand on it.

Accordingly,

IT IS ORDERED that: (1) the motion for summary judgment filed by Sphere Drake Insurance p.l.c. is GRANTED; (2) the motion to compel arbitration and stay cross-claim filed by Sphere Drake Insurance p.l.c. is GRANTED; and (3) the motion for summary judgment on coverage filed by Jantran, Inc. is DISMISSED as moot.