Vernon BURDITT and Polly Burditt,
Plaintiffs–Appellants,

v.

WEST AMERICAN INSURANCE
COMPANY, Defendant–
Appellee.

No. 95–50352.

United States Court of Appeals,
Fifth Circuit.

July 2, 1996.

Thomas T. Black, San Antonio, TX, Charles Darby Riley, San Antonio, TX, for plaintiffs-appellants.

John M. Curney, Mary Ann Randolph, Johnson, Curney & Fields, San Antonio, TX, for defendant-appellee.

Before DEMOSS and DENNIS, Circuit Judges, and DUPLANTIER, District Judge.[1]

DENNIS, Circuit Judge:

The Burditts brought this action seeking to recover under a homeowner's insurance policy for foundation damage allegedly caused by a leaking pipe. They filed suit in state court against West American Insurance (the Company) for coverage under their policy, violations of the Texas Insurance Code, Tex.Ins.Code Ann. art. 21.21 § 16 (Vernon 1994) and Tex.Bus. & Com.Code Ann. § 17.50 (Vernon 1994), and breach of the Company's duty of good faith and fair dealing. The Company removed the case to federal court, and it moved for summary judgment. The motion was referred to a Magistrate Judge who concluded that the terms of the policy did not allow for recovery and recommended a grant of the defendant's motion for summary judgment. The district court adopted the Magistrate Judge's recommendation. We reverse.

■ We review a grant of summary judgment de novo, *Montgomery v. Brookshire*, 34 F.3d 291, 294 (5th Cir.1994). The party moving for summary judgment must demonstrate an absence of any genuine issue of material fact. Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–257, 106 S.Ct. 2505, 2506–2514, 91 L.Ed.2d 202 (1986). While the nonmovant must provide more than mere conclusory allegations to defeat summary judgment, the court should decide every reasonable inference in favor of the party opposing the motion, *John v. State of Louisiana*, 757 F.2d 698 (5th Cir.1985).

The Burditts seek insurance coverage for their claim that a leak in an interior pipe behind their bathroom wall caused a shift in the house's foundation and structural damage. The Company paid part of the claim, for the repair of water damage immediately surrounding the pipe, but denied coverage for cracking in the foundation, walls, and ceiling.

The policy covered all risks of physical loss not excluded by Section, IIB:

This policy does not insure against ... Loss by termites or other insects; deterioration; smoke from agricultural smudging or industrial operations; wet or dry rot; mould; mechanical breakdown; settling, shrinkage, or expansion in foundations, walls, floors, or ceilings; this Exclusion, however, shall not apply to loss by fire, smoke, (Except as specifically excluded above), explosion, landslide, total or partial collapse, water damage, and glass breakage, caused by perils excluded in this paragraph;

For convenience, we refer to the first list in the insurance clause ("Loss by ... deterioration, ... settling, shrinkage, or expansion in foundations ...") as "excluded perils," and the second list ("this Exclusion shall not apply to loss by ... water damage ... caused by perils excluded in this paragraph") as "exceptions to the exclusions." This case involves three of the listed categories: deterioration and foundational damage (excluded perils) and water damage (an exception to the exclusions.)

The plaintiffs suffered foundation damage, listed in the insurance clause as an excluded peril. They argue, however, that deterioration of the pipe, also an excluded peril, caused water damage to the foundation, thus fitting the exception to the exclusion clause. "[T]his exclusion shall not apply to loss by ... water damage ... caused by perils excluded in this paragraph." "Deterioration" of the water pipes is one of those "perils." Thus the policy covers water damage caused by deterioration regardless of the exclusion of foundation damage.

The Magistrate Judge rejected this argument, reasoning that the list of excluded perils is absolute, and any connection of foundational damage to water damage is irrelevant. Only the exceptions to the exclusion clause are contingent upon causation by an excluded peril, such as deterioration or foundation damage, not the other way around. Thus if foundation damage had caused water damage, it would be covered, but water damage causing foundation damage (regardless

**1.** District Judge of the Eastern District Court of     Louisiana, sitting by designation.

of what caused the water damage) does not except foundation damage from the exclusion. The causal connection runs in only one direction.

■ We can find no Texas case interpreting a similar insurance clause. Generally, Texas law requires any ambiguity in the insurance policy to be interpreted in favor of coverage.

> Words and clauses of insurance contracts are strictly construed against the insurer, *Continental Casualty Co. v. Warren*, [152 Tex. 164] 254 S.W.2d 762, 763 (Tex.1953), and if a word or clause is capable of more than one reasonable meaning, then the meaning favoring the insured must be adopted. *Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977). If the term may be interpreted as a limiting term or the clause itself is an exclusionary clause, then the construction of the clause urged by the insured must be adopted as long as that construction is not unreasonable. *Id.* Even if the insurer's construction is more reasonable than the insured's, the insured's must prevail.

*Chen v. Metropolitan Ins. and Annuity Co.*, 907 F.2d 566, 569 (5th Cir.1990). The difficulty with the confusing IIB exclusion clause is that it sets up causal relationships among different, frequently interrelated types of damages. Given this ambiguity, the insured need only demonstrate a reasonable interpretation of the clause favoring coverage. *Id.* The appellants' textual arguments strongly support a reasonable interpretation for coverage of water damage caused by deterioration.

The Company's interpretation of the policy would make the exception for water damage almost meaningless, because it would not include the excluded perils of rust, wet rot, and mold, regardless of their natural association with water damage. Also, the exception for smoke damage is explicitly limited "[e]xcept as specifically excluded above," so that it does not include the excluded peril of "smoke from agricultural smudging or industrial operations." If the Company meant to further limit water damage by exempting foundation damage, it would have done so explicitly as it did with smoke.

■ The Company argues that this court should uphold the summary judgment on other grounds, citing *Coral Petroleum, Inc. v. Banque Paribas—London*, 797 F.2d 1351 (5th Cir.1986). They claim that the appellants, by their own admissions, have not presented any factual issue of the characterization of the pipe leakage as "deterioration." In deposition testimony, Mr. Burditt answered "No" to the question, "Was the copper pipe experiencing any kind of deterioration or erosion or rusting?"

Mr. Burditt was not attempting to define the policy term "deterioration," however, and in later testimony stated that the leak "is one of those things that just occurs through natural usage or wear and tear." Further, the appellee contradicts itself in its brief by arguing that the Company's payment for water damage caused in the immediate vicinity of the leaking pipe shows that they have not rendered the exception to the exclusion clause meaningless. It is thus more difficult for them to argue, as they do in the same paragraph, that they never recognized the leakage as the "deterioration" peril necessary to meet the exception to the exclusion. The Burditts also offered deposition testimony of an engineer who connected the pipe leakage to the foundation damage.

Factual disputes remain as to the company's intent and coverage. The appellants submitted their own testimony that the pipes appeared to have deteriorated and an expert's testimony in support of a causal connection between that water damage and the foundation claim. We therefore reverse the district court's grant of summary judgment and remand for determination of contested issues of material fact. Fed.R.Civ.P. 56(c).

Nevertheless, the defendants also ask us to uphold the grant of summary judgment based on the expiration of the statute of limitations on all three claims. The parties dispute the events which toll the statute of limitations and offer conflicting evidence as to when the Company first denied the Burditt's foundation damage claim. Because we find that there exist contested issues of material facts with respect to the limitations issue,

we do not uphold the judgment on that ground.

The district court did not explicitly address the other two claims, for breach of the duty of good faith and fair dealing and for violation of the Insurance Code, in its grant of summary judgment. The Magistrate's recommendations include the claims in a description of the cause of action, but proceed to rule explicitly only on the coverage issue when granting summary judgment. A denial of insurance coverage does not automatically defeat a breach of good faith duty claim under Texas law, *Harbor Ins. Co. v. Urban Construction Co.,* 990 F.2d 195, 202 (5th Cir.1993), and *First Texas Sav. Ass'n v. Reliance Ins. Co.,* 950 F.2d 1171, 1179 (5th Cir.1992); so we cannot presume the district court's dismissal of the claim. Since the statutory cause of action involves substantially similar legal and factual issues, neither will we presume its dismissal. We conclude, therefore, that the district court's dismissal of the action did not include the other two claims.

Accordingly, we REVERSE the district court's grant of summary judgment and REMAND the case for further proceedings consistent with this opinion.