UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30368
_____


ALFRED THOMAS,

Plaintiff-Appellant,

versus

RELIANCE STANDARD LIFE INSURANCE CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(95-CV-2142-L)
_____
January 15, 1998


Before JONES and SMITH, Circuit Judges, and FITZWATER, District
Judge.[*]

PER CURIAM:[**]

        Alfred Thomas appeals from the district court's grant of

summary judgment to Reliance Standard Life Insurance Co.

("Reliance").  The district court held that the policy issued by

_____

        [*] District Judge of the Northern District of Texas, sitting
by designation.

        [**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reliance to Thomas's employer did not provide coverage to Thomas for his alleged permanent and total disability. We affirm.

## I. Background

Thomas began his employment with Cabot Corporation ("Cabot") in 1968. He participated in Cabot's company benefit plan, which included group accident insurance. The group accident insurance was provided to Cabot by Reliance under policy VAR50230, and it included benefits for employees who became permanently and totally disabled. The parties agree that the group accident policy is an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA").

In 1992, Cabot and Reliance renegotiated their group accident insurance policy. Under policy VAR50230A, which became effective August 1, 1992, permanent and total disability benefits were terminated, but otherwise the policy remained virtually identical to its predecessor, policy VAR50230. Cabot notified its employees by letter and a revised Employee Benefits Handbook of the modification to the policy.

On September 22, 1994, Thomas allegedly became permanently and totally disabled, and he filed a claim under Reliance's group accident policy. Reliance refused payment on the ground that VAR50230A did not provide coverage for permanent and total disability. Thomas then filed suit against Reliance in

Louisiana state court, and Reliance removed the case to federal district court. The district court granted summary judgment to Reliance, finding (1) that VAR50230A did not provide coverage for permanent and total disability, (2) that Louisiana law was inapplicable to the issue of the adequacy of notice provided by Reliance to Thomas in switching from VAR50230 to VAR50230A, and (3) that proper notice was given by Reliance pursuant to ERISA.

## II. Analysis

This court reviews *de novo* a district court's grant of summary judgment. *See Burditt v. West American Ins. Co.*, 86 F.3d 475, 476 (5th Cir. 1996). The party moving for summary judgment must demonstrate an absence of any genuine issue of material fact. *See* FED. R. CIV. P. 56(c). While the nonmovant must provide more than mere conclusory allegations to defeat summary judgment, the court should decide every reasonable inference in favor of the party opposing the motion. *See Burditt*, 86 F.3d at 476.

### A. Coverage Claims

Thomas argues that the district court incorrectly applied an "abuse of discretion" standard to determine whether Reliance improperly denied coverage for his permanent and total disability claim under ERISA. Thomas argues that a less deferential standard of review should apply because Reliance has an inherent conflict of interest as both the claims administrator and the payor of disability benefits.

3

A denial of ERISA benefits by a claims administrator is reviewed under an abuse of discretion standard if the plan gives the claims administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *See Duhon v. Texaco*, *Inc.*, 15 F.3d 1302, 1305 (5th Cir. 1994) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). If a plan gives discretion to a claims administrator who is operating under a conflict of interest, "that conflict must be weighed as a factor in determining whether there is an abuse of discretion." *Id.* at 1306 (quoting *Bruch*, 489 U.S. at 115). There is no intermediate or heightened standard of review for examining a decision of a claims administrator who is operating under a potential conflict of interest. Rather, the potential conflict of interest must be given due consideration in applying the abuse of discretion standard. *See Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 599 (5th Cir. 1994); *Duhon*, 15 F.3d at 1306.

The parties do not contest that Reliance and Cabot had total discretion to grant or deny benefits. Therefore, the abuse of discretion standard applies. *See Duhon*, 15 F.3d at 1306. Having heard oral argument and carefully reviewed the briefs and pertinent portions of the record, we are persuaded that the district court correctly found that Reliance did not abuse its discretion in denying permanent and total disability benefits to Thomas, even recognizing Reliance's dual role as claims

4

administrator and insurer.  VAR50230A unambiguously does not provide coverage for permanent and total disability.

## B.  Notice Claims

Thomas argues that Reliance provided improper notice to him of the change in coverage from VAR50230 to VAR50230A under La. R.S. 22:213(B)(7) and La. R.S. 22:636(F).  Because we agree with the district court that neither statute applies to the issue of the adequacy of notice provided by Reliance to Thomas, we need not reach Reliance's argument regarding preemption by ERISA.

### (1).  La. R.S. 22:213(B)(7).

Thomas argues that Reliance violated § 22:213(B)(7) by failing to give proper notice of the change in coverage from VAR50230 to VAR50230A.  Section 22:213(B)(7) states:

> B.   Other provisions (optional).  No such policy shall be *delivered or issued for delivery* containing provisions respecting the matters set forth below unless such provisions are, in substance, in the following forms, or, at the option of the insurer, in forms which in the written opinion of the commissioner of insurance are not less favorable to the policyholder.
> . . . .
> (7)  Cancellation:  The insurer may cancel this policy at any time subject to the provisions of R.S. 22:228.  Such cancellation shall be by written notice, delivered to the insured, or mailed to his last address as shown by the records of the insurer, shall refund the prorata unearned portion of any premium paid, and shall comply with the provisions of R.S. 22:636(F).

LA. REV. STAT. ANN. § 22:213(B) (West 1995) (emphasis added).  The district court found that both VAR50230 and VAR50230A were issued

and delivered in Massachusetts, not Louisiana. Therefore, § 22:213(B)(7) was inapplicable.

VAR50230A states expressly that "[t]his policy is delivered in Massachusetts and is governed by its laws." VAR50230 does not contain such language, but the affidavit of Wayne Steigerwalt, an assistant vice president of Reliance, states that both VAR50230 and VAR50230A were issued and delivered in Massachusetts. Appellant's response to the language in VAR50230A is that it is voided by La. R.S. 22:629. Section 22:629 states:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state or any group health and accident policy insuring a resident of this state, regardless of where made or delivered shall contain any condition, stipulation, or agreement:
> (1) Requiring it to be construed according to the laws of any other state or country . . . ;
> (2) Depriving the courts of this state of jurisdiction of action against the insurer . . . .
> . . . .
> B. Any such condition, stipulation, or agreement in violation of the Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

LA. REV. STAT. ANN. § 22:629 (West 1995). Assuming, without deciding, that § 22:629 voids the express language in VAR50230A, Thomas presents no evidence which questions the veracity of Mr. Steigerwalt's affidavit. Because appellant offers no evidence that the policy was issued and delivered in Louisiana,[1]0. VAR50230 states:

---

[1] Appellant's only response to Mr. Steigerwalt's affidavit is that VAR50230 and VAR50230A require that certificates of insurance be delivered to the policies' insureds, who reside in Louisiana.

6

"CERTIFICATE OF INSURANCE: The Company [Reliance] will issue to the Policyholder for delivery to each Insured Person an individual certificate setting forth a statement as to the insurance protection to which the Insured Person is entitled and to whom indemnities provided by this Policy are payable."

VAR50230A states: "CERTIFICATE OF INSURANCE: We will provide a certificate of insurance for each Insured Person. The certificate will set forth the terms of coverage and to whom benefits are payable."[2]0. La. R.S. 22:655 permits a third-party to bring a direct action against an insurer under very limited circumstances. *See* LA. REV. STAT. § 22:655 (West 1997). [3] he has failed to raise an issue of material fact regarding Reliance's evidence that the policy was issued and delivered in Massachusetts. For this reason, § 22:213(B)(7) is inapplicable to this case.

### (2). La. R.S. 22:636(F)

Appellant also argues that Reliance provided improper notice of the change in coverage from VAR50230 to VAR50230A under La. R.S. 22:636(F). Section 22:636(F) states:

> F. No insurer shall cancel or refuse to renew any policy of group or family group health and accident insurance except for nonpayment of premium or failure to meet the requirements for being a group or family group insurance policy until sixty days after the insurer has mailed written notice of such cancellation or nonrenewal by certified mail to the *policyholder*.

LA. REV. STAT. ANN. § 22:636(F) (West 1995) (emphasis added). The district court found that § 22:636(F) did not apply to Thomas because he was not the "policyholder." Cabot is specifically named as the "policyholder" in both VAR50230 and VAR50230A. Certain subsections of § 22:636 specifically refer to providing notice to "insureds," but not subsection F. The clear and unambiguous meaning of subsection F is that notice of cancellation of group accident

---

This, so his argument goes, means that "delivery" takes place in Louisiana. In *Landry v. Travelers Indemnity Co.*, 890 F.2d 770, 772 (5th Cir. 1989), this court interpreted the definition of "delivered in Louisiana" under La. R.S. 22:655.

The court held that mailing certificates of insurance to a Louisiana subsidiary of a Houston corporation, when the policy itself was delivered to the corporation's Houston headquarters, did not constitute "delivery" under Louisiana law. *See id.* at 772-73. By analogy, sending certificates of insurance to Reliance's insureds does not constitute "delivery" under Louisiana law when the appellant presents no evidence to contradict either the express language of VAR50230A or Mr. Steigerwalt's affidavit that VAR50230 and VAR50230A were issued and delivered in Massachusetts.

policies is only required to be made to the "policyholder," (*i.e.*, Cabot). Therefore, § 22:636(F) is inapplicable to this case.

## **(3). ERISA**

Under ERISA, the "plan administrator" must furnish each plan participant with notice of a modification to an employee benefit plan no later than 210 days after the end of the plan year in which the modification is adopted. *See* 29 U.S.C. §§ 1022(a)(1), 1024(b)(1). Cabot is the "plan administrator" because neither VAR50230 nor VAR50230A designates a plan administrator. *See* 29 U.S.C. § 1002(16).[4] Therefore, Reliance cannot be held liable for any alleged failure of Cabot to properly notify its employees of the change from VAR50230 to VAR50230A. *See Klosterman v. Western Gen. Management, Inc.*, 32 F.3d 1119, 1122 (7th Cir. 1994); *Kerns v. Benefit Trust Life Ins. Co.*, 992 F.2d 214, 217 (8th Cir. 1993) (both holding, regarding substantially similar provisions of ERISA, that only the plan administrator is liable for inadequate notice or disclosure).

---

[4] 29 U.S.C. § 1002(16) defines "administrator" as follows:
    (A) The term "administrator" means—
        (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
        (ii) if an administrator is not so designated, the plan sponsor; . . .
    (B) The term "plan sponsor" means (i) the employer in the case of an employee benefit plan established or maintained by a single employer . . . .

8

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**