GAUDIN, Judge.
State Farm Mutual Automobile Insurance Company has appealed from a district court judgment against it which disallowed credit for prior payment made by another solidary obligor. State Farm argues (1) that the plaintiff was allowed double recovery and (2) that the trial court erroneously rejected Fertitta v. Allstate, 462 So.2d 159 (La.1985). We affirm in part and amend in part.
Plaintiff Leah Bullock was injured in an automobile accident and she sued the other driver, Robert Harrell, and his insurer, State Farm, and her own uninsured carrier, Allstate Insurance Company. Prior to trial, Bullock and Allstate settled for $10,727.51, which included $3,227.51 in medical expenses.
After trial, on May 19, 1993, State Farm was east in judgment for $9,700.00 in general damages and $3,227.51 for medical expenses. State Farm, citing Fertitta, contends that the overall $12,927.51 award is subject to a credit (reduction) of $10,727.51, the amount paid by Allstate.
In Fertitta, the Louisiana Supreme Court held, in a situation similar to the one now before this Court, that if the tortfeasor and ■uninsured motorist carrier are solidarity liable, payments made by the UM carrier can be applied |2as an offset to a subsequent judgment rendered against the tortfeasor provided the UM carrier has waived subro-gation rights.
Here, there is absolutely no evidence in the actual trial record that Allstate waived subrogation or reimbursement rights. Only after trial, at a hearing on a motion for new trial (inadvertently titled a motion to amend judgment), did State Farm produce a document which purported to be a facsimile transfer of a note from Allstate’s attorney to State Farm’s counsel saying that Allstate “... will not subrogate against Mr. Harrell ...” This FAX message, which is handwritten and which is not dated, is way too little and far too late and was properly ignored by the trial judge. No waiver, no Fertitta.
It is clear from the record, however, that Bullock was paid twice for incurred medical expenses; thus, the award against State Farm is lowered by $3,227.51. All parties agreed that $3,227.51 was included in the Allstate settlement and in the later judgment against State Farm. The general damages award against State Farm and the general damages forming part of the settlement were not so particularized. Even if Allstate had executed a valid and binding waiver of subro-gation rights, it would have been more difficult for us to conclude that all of the general damages provided for in the settlement and all of the general damages included in the judgment were synonymous.
Bullock asserts on appeal that this Court should not consider the merits of State Farm’s appeal because the appeal was not timely taken. Following the trial, State Farm filed what it labeled a motion to amend judgment. This was filed within the time allowed for filing of a motion for a new trial. Considering the body or content of this motion, it is apparent that the motion asks for substantial modification of- the May, 1993 judgment and Uwas correctly treated by the trial judge as a motion for a new trial. The *1183 nature of a pleading is determined by its substance, not its caption. See Katz v. Katz, 412 So.2d 1291 (La.1982); also, LSA-C.C.P. art. 865, which states that every pleading shall be construed as to do substantial justice.
For these reasons, the judgment dated May 25, 1993 is reduced by $3,227.51; in all other respects, this decree is affirmed. State Farm is to bear costs of this appeal.
AMENDED IN PART, OTHERWISE AFFIRMED.