671 So.2d 553 (1996)
RUFUS BOATWRIGHT, et al.
v.
METROPOLITAN LIFE INSURANCE CO., et al.
Nos. 95-CA-2473, 95-C-2525.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 1996.
Rehearing Denied April 24, 1996.
*554 Ralph S. Hubbard, III, Gordon P. Wilson, Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, for Travelers Insurance Company.
Geoffrey P. Snodgrass, Scott Yount, Kenan S. Rand, Jr., Christovich & Kearney, New Orleans, for Highland Insurance Company.
Andrew L. Plauche, Jr., Robert E. Caraway, III, Plauche, Maselli & Landry, New Orleans, for American Motorists Insurance Company.
Samuel M. Rosamond, III, Fleming & Rosamond, Metairie, for Commercial Union Insurance Company.
John F. Dillon, Mickey P. Landry, Frank J. Swarr, Sandra A. Jelks, L. Dawn Smith, F. Gerald Maples, P.A., New Orleans, for Rufus Boatwright, et al.
Before BARRY, BYRNES and PLOTKIN, JJ.
PLOTKIN, Judge.
The principal issue in this appeal is whether recent amendments to the Louisiana Direct Action Statute, LSA-R.S. 22:655, restrict venue against insurers sued under the statute to those specified by the express provisions of the statute. Specifically, we are required to determine whether the fact that the statute has been amended to allow venue "under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only" implicitly overrules previous jurisprudence holding that the exceptions to the general La.C.C.P. art. 42 venue rules found in La.C.C.P. arts. 71 through 85 also apply. Our review of the legislative history surrounding the 1989 amendment to LSA-R.S. 22:655(B) convinces us that the amendment was designed to overrule the jurisprudence. LSA-R.S. 22:655(B), as amended, allows venue against a direct action insurer under La. C.C.P. art. 42 only; the exceptions to La. C.C.P. art. 42 venue established by La.C.C.P. arts. 71 through 85 do not apply to cases against direct action insurers. Accordingly, we reverse the trial court judgment overruling the declinatory exceptions of improper venue filed by the defendant insurance companies.

Facts and procedural history
The instant suit is one of many similar suits filed by employees of Avondale and Todd Shipyards seeking recovery of damages caused by their alleged exposure to asbestos-containing products as part of their employment at Avondale. Sixteen plaintiffs were named in "Exhibit A" to the original petition; nineteen other plaintiffs have been named in supplemental and amending petitions filed subsequent to the filing of the original petition.
Among the defendants in the case are seven executive officers of Avondale Industries, as well as four companies which insured those executive officers. Avondale is located in Jefferson Parish, and the petition filed by the plaintiffs alleges that all of the executive officers named defendants in the case are residents of Jefferson Parish. The insurers, who are the appellants in the instant appeal, include American Motorists Insurance Co., *555 Commerical Union Insurance Co., Highlands Insurance Co., and Travelers' Insurance Co. (hereinafter collectively "Avondale insurers"). According to "Exhibit B" of the plaintiffs' original petition, the insurers were named "via Direct Action Statute L.R.S. 22:655."
In the trial court, all four of the Avondale insurers responded with declinatory exceptions of venue, which were overruled. The overruling of those exceptions is the principal issue in this appeal. However, Travelers also filed declinatory exceptions of insufficiency of citation and insufficiency of service of process, which were also overruled by the trial court. The Avondale insurers filed the instant appeal, seeking review of the portion of the trial court judgment overruling the declinatory exception of improper venue. Additionally, Travelers filed a supervisory writ application, seeking review of the overruling of its declinatory exceptions of insufficiency of citation and insufficiency of service of process. By an unpublished opinion of this court dated January 19, 1996, the writ application was consolidated with the appeal. This opinion will consider both matters.
Declinatory exception of improper venue
In its reasons for judgment overruling the declinatory exception of improper venue filed by the Avondale insurers, the trial court cited the Louisiana Supreme Court's opinion in Kellis v. Farber, 523 So.2d 843 (La.1988), which, according to the trial court, specifically held that the Direct Action Statute's provision allowing venue under La.C.C.P. art. 42 "includes all of the permissive and mandatory exceptions to La.C.C.P. art. 42, which appear in La.C.C.P. art. 71 to La.C.C.P. art. 85." The trial court then invoked the provisions of La.C.C.P. art. 73, which creates an exception to the general venue rules established by La.C.C.P. art. 42, to allow venue against all joint and solidary obligors in a parish of proper venue as to any of them under La.C.C.P. art. 42. Finding that venue is proper in Orleans Parish as to one of the alleged solidary obligors in the instant case the trial court overruled the declinatory exceptions of improper venue.
The arguments presented by the Avondale insurers in support of the declinatory exception of improper venue are very simple. The trial court correctly interpreted the Kellis case, the Avondale insurers say, and the overruling of the exception would therefore have been proper except for one thing Kellis has been implicitly overruled by the 1989 amendments to LSA-R.S. 22:655(B). That amendment, enacted by Senate Bill No. 213 of the 1989 legislature, simply added the word "only" to the venue provision of the Direct Action Statute. Prior to the 1989 amendment, the statute allowed for venue in any parish of proper venue against either the insured or the insurer "under the general rules of venue prescribed by Code of Civil Procedure Art. 42"; after the amendment LSA-R.S. 22:655(B) was restricted to allow for venue "under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only." The 1989 Comment to the statute expressly states that the amendment was intended to "provide that the reference to C.C.P. Article 42 does not include the exceptions under C.C.P. Articles 71 through 85."
The amended version of LSA-R.S. 22:655(B) has been addressed by this court in only one published decisionVinti v. Diaz, 627 So.2d 223 (La.App. 4th Cir.1993), in which the court stated, in pertinent part, as follows:
As to [the insurer], venue is regulated by R.S. 22:655(B) which provides for venue in the parish where the injury occurred or in the parish were the action could be brought against the insured or the insurer under the general rules of venue. None of these applies to Orleans Parish.
The Avondale insurers claim the above language supports their position. However, giving the above language the exact interpretation urged by the Avondale insurers here is speculative at best because the facts of the case given in the opinion do not reveal whether the court even considered any of the exceptions to the general venue provisions. Accordingly, the Vinti opinion cannot be conclusively read as precedent for the position urged by the Avondale insurers.
Because this court is not bound by any *556 precedent[1] on the issue presented, we must consider the issue of the intent of the 1989 amendment to LSA-R.S. 22:655 to add the word "only" as a res nova issue. In this endeavor, we are aided by the legislative history of Senate Bill No. 213 of the Louisiana State Legislature, including committee reports and voting records. A careful study of that history convinces us that the 1989 amendment was intended as the official comment states to "provide that the reference to C.C.P. Art. 42 [in LSA-R.S. 22:655(B)] does not include the exceptions under C.C.P. Articles 71 through 85."
The most persuasive evidence of this fact is the statement recorded in the minutes of the Senate Committee on Judiciary A on the date when the Senate Bill suggesting the amendment, sponsored by Senator McLeod, was first considered by that committee.[2] Those minutes state, in pertinent part, as follows:
Senator McLeod stated that Professor L'Enfant would speak for this bill. Professor L'Enfant stated that amendments were needed to this bill, and Senator Swearingen offered the amendments. Professor L'Enfant explained that this bill addresses the problem created when the Supreme Court ruled that in interpreting Article 73 which refers to "42", the reference to "42" included all of the exceptions, so that whenever you see "42", you mean "42" plus all the exceptions. What this does is change what was intended in the Code of Civil Procedure. When the Code of Civil Procedure makes references to "42", they mean "42". otherwise, there would be no reason to say "42", you would simply say a parish of proper venue under any article of the Code of Civil Procedure. There are articles throughout the Code, and the amendment would take care of those articles, such as class actions under 593, garnishments, etc. The amendment changes the references in the articles from "42" to "42 only". There being no opposition to the amendment, the amendment was adopted.
Minutes, Senate Committee on Judiciary A, May 29, 1989. (Emphasis added.) The remainder of the legislative history shows that the amendment was adopted unanimously by the Senate, and with only one dissenting vote in the House of Representatives.
It seems clear that the reference to the Supreme Court's improper interpretation that the use of the number "42" includes all the exceptions is a direct reference to the Kellis case, which was decided in 1988, just prior to the legislative session which added the amendment. We cannot escape the conclusion that the 1989 amendment to LSA-R.S. 22:655(B) was designed to implicitly overrule Kellis. It follows that the trial court judgment overruling the declinatory exception of improper venue in the instant case, which is expressly based on Kellis, is erroneous as a matter of law. Thus, the trial court decision overruling the declinatory exception of improper venue filed by the Avondale insurers is reversed, and the exception is sustained.
Declinatory exceptions of insufficiency of citation and service of process
By the supervisory writ application consolidated with the instant case, Travelers alone contests the trial court judgment overruling its declinatory exceptions of insufficiency of citation and service of process. Travelers' arguments are complex, but may be summarized as follows:
An original petition naming 16 plaintiffs was properly filed and allotted in Civil District *557 Court; citation and service of that original petition on the defendants was proper. However, subsequent to the filing of the original petition, three different supplemental and amending petitions were filed, naming some 19 additional plaintiffs and removing some of the previously-named plaintiffs. Citation and service of process of these supplementary and amending petitions were insufficient, Travelers says. Moreover, Travelers claims that the procedure used to add the additional plaintiffs violated Civil District Court Local Rule 6, which requires that all allotted cases be "regularly filed and docketed," as well as the provision which requires the random assignment of cases. The writ application is unclear concerning exactly how the procedure violated these two provisions. Travelers also claims that the procedure encourages forum shopping, but does not specify how.
In opposition to the application for supervisory writs, the plaintiffs rely on the provisions of La.C.C.P. art. 643, relative to cumulation of parties. The plaintiffs claim that they meet all the requirements for cumulation of their actions against Avondale.
We find no merit in Travelers' exceptions of insufficiency of citation and insufficiency of service of process. Travelers points to no provisions of law which prohibit the procedure employed by the plaintiffs to add additional plaintiffs, nor does Travelers claim any prejudice resulting from the procedure. Under the circumstances, we find no error in the trial court judgment overruling the declinatory exceptions of improper citation and improper service of process; that judgment is hereby affirmed.

Conclusion
Accordingly, the trial court judgment overruling the declinatory exceptions to improper venue are reversed and the exceptions to venue filed by the defendant insurance companies are granted. The trial court judgment overruling the declinatory exceptions of improper citation and improper service of process filed by Travelers is affirmed. The case is remanded for further proceedings consistent with this decision.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
BYRNES, J., concurs with reasons.
BYRNES, Judge, concurring with reasons.
I agree with Judge Plotkin's well reasoned opinion. I concur for the sole purpose of clarifying the statement by the Supreme Court in Jordan v. Central Louisiana Electric Co., Inc., 95-1270, p. 2 (La. 6/23/95); 656 So.2d 988 (La.1995) that LSA-C.C.P. art. 71 through 85 "are part and parcel of the general venue rule set forth in Article 42." This statement and similar language in Kellis v. Farber, 523 So.2d 843 (La.1988), denotes that LSA-C.C.P. art. 71 through 85 are no longer to be treated as inferior to Article 42, strictly construed, and required to yield precedence to Article 42, which was presumptively favored. Kellis and Jordan stand only for the proposition that Articles 71 through 85 should be read in pari materia with Article 42 and treated like general venue provisions, rather than exceptions. The Supreme Court did not mean that Article 42 literally includes the language of specific venue provisions so that when the legislature refers to Article 42 "only", it is automatically referring to those other provisions. "Only" means "only."
NOTES
[1] This court has been presented with this issue three times in supervisory writ applications involving cases remarkably similar to the instant case. In re: Asbestos Plaintiffs v. Borden, Inc., No. 95-C-1043 (La.App. 4th Cir.1995); In re: Asbestos Plaintiffs v. Borden, Inc., No. 95-C-1098 (La.App. 4th Cir.1995); Gaines v. Avondale Industries, Inc., No. 95-C-1359 (La.App. 4th Cir. 1995). The plaintiffs claim that all three of these writ applications support their position. However, this panel is barred from considering those writ decisions by the rule prohibiting the use of unpublished decisions as precedent. Uniform Rules, Courts of Appeal, Rule 2-16.3; Roberts v. Sewerage & Water Board, 634 So.2d 341, 349 (La.1994). In fact, the plaintiffs' citation of, quotation from, and reference to unpublished decisions in their briefs to this court is improper under Rule 2-16.3. Roberts, 634 So.2d at 349.
[2] The exact date, in May of 1989, is illegible on the copy of the minutes attached to the appellants' brief.