684 So.2d 55 (1996)
Kathy D. GASPARD
v.
LOUISIANA FARM BUREAU INSURANCE CO.
No. 96-C-2148.
Court of Appeal of Louisiana, Fourth Circuit.
November 6, 1996.
*56 Walter Andrew Robelot, II, Robelot Law Firm, New Orleans, LA, for Relator.
John J. Hainkel, Jr., Nancy Lee Cromartie, Porteous, Hainkel, Johnson, & Sarpy, New Orleans, for Respondent.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Kathy Gaspard seeks supervisory review of a trial court judgment granting an exception of improper venue in favor of defendant Jules J. Cousins, and transferring the case to East Baton Rouge Parish. We grant the supervisory writ, reverse the trial court judgment, and remand the case for further proceedings consistent with this opinion.

Facts
Ms. Gaspard, an Orleans Parish domiciliary, filed suit seeking damages for personal injuries allegedly sustained in a August 2, 1995 automobile accident which occurred in Jefferson Parish. Cousins was the driver of the other vehicle and the alleged tortfeasor. Named as defendants along with Cousins in Ms. Gaspard's original petition were Louisiana Farm Bureau Insurance Co., Cousins' liability insurer and a domestic insurer with its principal place of business in East Baton Rouge Parish; and State Farm Mutual Automobile Insurance Co., Ms. Gaspard's uninsured motorist (UM) insurer.
Cousins and Louisiana Farm Bureau filed an exception of improper venue. Thereafter, Ms. Gaspard voluntarily dismissed Louisiana Farm Bureau from the suit without prejudice. Nevertheless, the trial court granted the exception of improper venue and transferred the case to the 24th Judicial District Court for the Parish of Jefferson. Ms. Gaspard sought writs in this court.

Proper venue
Ms. Gaspard claims that venue is proper against her UM insurer under the provisions of La. C.C.P. art. 76, which allows an action based on an insurance policy other than a life insurance policy or a health and accident insurance policy to be filed either in the parish where the loss occurred or in the parish were the insured is domiciled. Ms. Gaspard evokes the rule that a plaintiff may file suit against his UM insurer in the parish *57 of his own domicileOrleans Parish in this casebecause he is the insured under the policy. Cantrelle v. State Farm, 94-1940 (La.App. 4th Cir. 4/13/95), 654 So.2d 790. Because venue is proper against State Farm in Orleans Parish, Ms. Gaspard claims, venue is also proper in Orleans Parish against Cousins under the provisions of La. C.C.P. art. 73, which makes venue proper in an action against solidary obligors in any parish of proper venue as to any of the solidary obligors made a defendant in the suit. Cantrelle, 654 So.2d 790.
Cousins claims, however, that venue is not proper against either State Farm or himself in Orleans Parish, citing this court's recent decision in Boatwright v. Metropolitan Life, 95-2525 (La.App. 4th Cir. 3/27/96), 671 So.2d 553, writ denied, 96-1327 (La.6/28/96), 675 So.2d 1130, which was based entirely on an issue not considered in the Cantrelle case. In Boatwright, this court held that venue against insurers sued under Louisiana's Direct Action Statute, LSA-R.S. 22:655, is proper only in East Baton Rouge Parish. That decision was based on a legislative amendment to LSA-R.S. 22:655 restricting venue in cases against liability insurers to that provided under "the general rules of venue prescribed by Code of Civil Procedure Art. 42 only." As part of the same amendment, the legislature also listed six instances in which a Direct Action may be brought against an insurer alone, without also suing the insured; "when the insurer is an uninsured motorist carrier" is listed among those instances in LSA-R.S. 22:655(B)(1)(e), indicating that the provisions of the Direct Action Statute apply to claims against an uninsured motorist carrier. La. C.C.P. art. 42(6) provides for venue in an action against a foreign or alien insurer in East Baton Rouge Parish.
We agree with Cousins' argument as far as it goes. The fact that the Direct Action Statute specifically allows for an action against the insurer alone "when the insurer is an uninsured motorist carrier" is conclusive evidence that LSA-R.S. 22:655 was intended by the legislature to apply to uninsured motorist actions. Thus, the provision of LSA-R.S. 22:655(B)(1) restricting venue to "the parish in which the accident or injury occurred or ... the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only" apply to suits by plaintiffs against their own uninsured motorist carrier.
This appeal requires that we consider the impact of the amendment to LSA-R.S. 22:655(B) on UM actions, which is an issue of first impression. Cousins claims that a strict reading of the Direct Action Statute, consistent with our reading of the statute in the Boatwright opinion, requires that an action against a UM carrier be brought in East Baton Rouge Parish, under the provisions of La. C.C.P. art. 42(6).
Specifically, LSA-R.S. 22:655 provides, in pertinent part, as follows:
The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and insolido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only.
(Emphasis added.)
Thus, the venue restriction specifically allows an injured party to file suit against an insurer in the parish in which an action could be brought against the insured party under the general venue rules established by La. C.C.P. art. 42. In turn, La. C.C.P. art. 42(1) provides that "[a]n individual who is domiciled in the state shall be brought in the parish of his domicile." In this case, the insured party is the plaintiff herself, whose parish of domicile is Orleans Parish. Thus, Orleans Parish is the parish of domicile of the insured party under the general venue rules established by La. C.C.P. art. 42 only, as required by the Direct Action Statute.
We recognize that a plaintiff cannot file suit against him or her self. However, *58 under the express language of LSA-R.S. 22:655(B), reading all the provisions together, an action against a UM carrier may be brought against the uninsured motorist carrier alone in the parish of proper venue of the insured party. The fact that a plaintiff cannot sue him or her self is irrelevant to this inquiry because the Direct Action Statute does not require that the plaintiff actually sue the insured party in order to bring the suit in the parish of proper venue of the insured party. The provision thus protects an insured party's right to file suit against his own uninsured motorist in the parish where he or she is domiciled.
Excellent policy reasons exist for this decision. First, reading LSA-R.S. 22:655 as suggested by Cousins would require that every UM action be brought in East Baton Rouge Parish, or in the parish where the accident occurred. Such a result would require all Louisiana residents who do not reside in East Baton Rouge Parish to file suit against their own insurers in a parish other than the parish of their residence, unless the accident causing the injury occurred in that parish. Such a rule is insensible because it would allow an injured party to sue every insurance company except his own in the parish where the insured party resides. For example, if two Orleans Parish residents had an accident in Jefferson Parish, the injured party could bring suit against the tortfeasor and the tortfeasor's insurer in Orleans Parish, but would be required to file suit against his own insurer in either Jefferson Parish or East Baton Rouge Parish. Such a result is not required by a strict reading of the statute; such a result could not have been intended by the legislature.
We note also that the instant case is factually distinguishable from Boatwright, in which we held that suit against the insurers could be filed only in East Baton Rouge Parish under the provisions of La. C.C.P. art. 42(6). In Boatwright, none of the insured parties were residents of the parish where the plaintiffs filed suit, while the insured party in this case is a resident of the parish where Gaspard filed suit.
Because venue is proper in Orleans Parish under the provisions of LSA-R.S. 22:655 when read in conjunction with La. C.C.P. art. 42 in Ms. Gaspard's suit against State Farm, venue is also proper in Orleans Parish under La. C.C.P. art. 73 in Ms. Gaspard's suit against Cousins, who is alleged to be solidarily liable with State Farm.
Accordingly, the trial court judgment granting the exception of improper venue and transferring the case to East Baton Rouge Parish is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; CASE REMANDED.