11 JONES, Judge.
This is a remand from the Louisiana Supreme Court involving the issue of proper venue for a Direct Action lawsuit by an employee against his employer’s uninsured motorist earner. Following oral arguments and a review of the record, we find no error in the trial court’s judgment overruling the defendant’s Exception of Improper Venue.

FACTS

On July 16, 1996, the plaintiff, Tracy Tardiff, was involved in an automobile accident in Jefferson Parish while in the course and scope of his employment with Year Round Heating and Air Conditioning Company (Year Round). Year Round’s principal place of business is located in Orleans Parish. The alleged tortfeasor, Jennifer Thomas, was allegedly under-insured at the time of the collision. Therefore, Mr. Tardiff filed suit in Orleans Parish against his employer’s foreign uninsured/underinsured motorist (UM) carriers, Valley Forge Insurance Company | ¡^(Valley Forge) and CNA Insurance Company (CNA).[1] Mr. Tardiff is a Jefferson Parish domiciliary.
After the petition was served, Valley Forge filed an Exception of Improper Venue on July 21, 1998, claiming that venue was only proper in East Baton Rouge Parish or in the parish where the accident or injury occurred (i.e., Jefferson Parish). Following a hearing on the exception, the trial court granted the defendant’s exception. Thereafter, the trial court scheduled a rehearing on its original ruling for October 30, 1998. At the rehearing, the trial court reversed its original ruling, and con-eluded that Mr. Tardiff could assume the domicile of Year Round because Mr. Tar-diff, by the language of the insurance policy, is an insured under Year Round’s insurance policy. Thus, the trial court found that venue in Orleans Parish was proper because an insured can sue his UM carrier in his own domicile.
On November 19, 1998, Valley Forge filed a Writ of Certiorari to this Court, and on January 28, 1999, this Court granted relator’s writ application, but denied relief adopting our holding in Gaspard v. Louisiana Farm Bureau Insurance Company, 96-2148 (La.App. 4 Cir. 11/6/96), 684 So.2d 55. In our ruling, we stated that Mr. Tardiff was an “insured,” and that he “may sue his insurer in either the place of his domicile or in the place where the accident occurred.”
On January 29,1999, we issued a revised ruling whereby we rephrased the above referred sentence by naming Mr. Tardiff as an “additional insured under Year Round’s policy.” We also stated that “Mr. Tardiff has the option to sue in either his employer’s domicile or in the place where the accident occurred.” The revision to our first ruling was only a clarification, and not a reversal.
| aValley Forge then applied for Supervisory and/or Remedial Writs to the Louisiana Supreme Court, and on April 9, 1999, the Supreme Court remanded this matter to this Court for briefing, oral arguments and a full opinion. Upon remand, we reinstate our ruling of January 29,1999.

WHO IS AN “INSURED” UNDER YEAR ROUND’S POLICY

The central issue in this case is whether Orleans Parish is the parish of proper venue for this type of Direct Action lawsuit. However, before we can ascertain whether Orleans Parish is statutorily ap *278 propriate for this suit, we must decide whether Mr. Tardiff is an “insured” under the policy.
According to the language of the policy, an insured is defined as:
1. WHO IS AN INSURED
The following are “insureds”:
a. You for any covered “auto.”

b. Anyone else while using with your permission a covered “auto” you own, hire or borrow....

(Emphasis added).
It is well settled that the plaintiff has to be an “insured” under the insurance policy in order for him to recover. Armand v. Rhodes, 96-15 (La.App. 3 Cir. 12/11/96), 685 So.2d 546, writ denied, 97-0006 (La.3/21/97), 691 So.2d 81. (Emphasis added). The parties’ intent, as reflected in the words of the insurance policy, determines the extent of coverage. See Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97), 691 So.2d 665. Accordingly, the words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning unless the words have acquired a technical meaning. La. C.C. art.2047; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 180; see also Keathley v. State Farm Fire & Casualty Ins. Co., 594 So.2d 963 (La.App. 3 Cir.1992). Furthermore, if the language in the insurance contract is clear and unambiguous, the court must enforce the contract as written. La. C.C. art.2046.
In the case sub judice, there was no dispute in the record that Mr. Tardiff was operating a Year Round vehicle while in the course and scope of his employment with Year Round. The omnibus clause in this commercial liability policy allows permitted drivers, like Mr. Tardiff, to sue Valley Forge as if he was the named insured. See Mercadel v. Tran, 635 So.2d 438, 440 (La.App. 4 Cir.1994). An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve absurd conclusions. See Valentine, 691 So.2d at 668. Therefore, we find that there was no error by the trial court in identifying Mr. Tardiff as an insured under his employer’s policy.

VENUE UNDER THE DIRECT ACTION STATUTE

In this assignment of error, Valley Forge argues that venue in this lawsuit was proper in either Jefferson or East Baton Rouge Parish under La. R.S. 22:655(B) and La. C.C.P. art. 42. Further, it argues that Year Round’s domicile is irrelevant in this matter because Year Round was not a party to this lawsuit. Therefore, Valley Forge argues that Mr. Tardiff could not use Year Round’s domicile as a basis for bringing suit in Orleans Parish.
Mr. Tardiff argues, in rebuttal, that Orleans Parish is appropriate in this case because the Direct Action Statute allows the injured party to file suit in the parish where the accident or injury occurred, or in the parish where the accident could be | Bbrought against either the insured or the insurer under La. C.C.P. art. 42. Thus, Orleans Parish was the parish of proper venue because Year Round’s was the named insured under the policy, and its domicile is in Orleans Parish. We agree.
The pertinent portion of the Direct Action statute that forms the basis of this controversy states:
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue *279 prescribed by Code of Civil Procedure Art. 42 only. (Emphasis added).
See La. R.S. 22:655(B)(1).
Once again, the plain reading of the statute reflects that the injured person has the option of filing his personal injury claim against either the insured or the insurer or both. Further, we note that the statute specifies that the suit must be brought under the “home base” venue provisions of Article 42 for the insured or the insurer. Hence, venue in the case sub judice is not limited to just where the accident occurred. In fact, the statute authorizes the Direct Action plaintiff to prosecute his claim against the insurer in the parish where the insured is domiciled.
In our ruling on Valley Forge’s application for writ of certiorari, we resolved the venue question using our decision in Gaspard v. Louisiana Farm Bureau Insurance Co., 96-2148 (La.App. 4 Cir. 11/6/96), 684 So.2d 55. We continue to hold that Gaspard is controlling in the instant matter.
In Gaspard, the plaintiff, an Orleans Parish domiciliary, sustained injuries from an automobile accident, which occurred in Jefferson Parish. Nevertheless, |fisuit was filed against the tortfeasor, the tortfeasor’s liability insurer, and the plaintiffs UM carrier in Orleans Parish. The defendant/tortfeasor objected to venue using this Court’s ruling in Boatwright v. Metropolitan Life Ins. Co., 95-2525 (La.App. 4 Cir. 3/27/96), 671 So.2d 553, writ denied, 96-1327 (La.6/28/96), 675 So.2d 1130. We distinguished our holding in Boatwright from the facts in Gaspard by concluding that La. R.S. 22:655(B)(1)(e) allows an injured party to bring an action against the insurer alone when the insurer is the UM carrier. Notwithstanding the identity of the named defendants, we decided that venue was still predicated on the “home base” venue provisions of CCP art. 42.
We also found that it was both unnecessary and absurd for the plaintiff in Gas-pard to file suit against herself in order to file the lawsuit in her own domicile.[2] Therefore, we concluded that the lawsuit against an UM carrier could be brought in the insured’s domicile although the named insured was not listed as a defendant in the original lawsuit.
Likewise, in the case sub judice, Mr. Tardiff did not need to name Year Round as a defendant in this personal injury lawsuit in order to bring this action in Year Round’s domicile. “[La. R.S. 22:655(B) ] thus protects an insured party’s right to file suit against his own uninsured motorist [carrier] in the parish where he or she is domiciled.” See Gaspard, 684 So.2d at 58.
Allowing an employee to file suit against his employer’s UM carrier in that employee’s domicile only would create an enormous amount of litigation for those employers who hire individuals who live in various parishes across this State — not to mention those individuals who are not even Louisiana residents. Nevertheless, [7because we have identified Mr. Tardiff as an insured under the policy issued by Valley Forge, we-find that venue was proper in either Orleans Parish or Jefferson Parish when La. C.C.P. art. 42 is read in conjunction with the Louisiana Direct Action Statute. See Gaspard, supra.
Accordingly, the trial court’s judgment denying the Exception of Improper Venue is hereby affirmed. The case is also remanded to the trial court for further proceedings consistent with this opinion.

WRIT APPLICATION GRANTED; RELIEF DENIED.

ARMSTRONG, J., CONCURS.
WALTZER, J„ DISSENTS WITH REASONS.

. Though the petition classifies Jennifer Thomas as the tortfeasor, she was not named as a defendant in the lawsuit. Additionally, CNA Insurance Company was improperly named in this suit; therefore, for purposes of this opinion, our reference to "defendant” shall pertain to Valley Forge only.

. We also noted that the petition against the insurers in Boatwright was brought in the parish where neither of the insureds was domiciled — unlike this case where suit was brought in the parish where the named insured was domiciled.