hWALTZER, J.
DISSENTING WITH REASONS.
This case is on remand from the Louisiana Supreme Court from this Court’s denial of relator’s request that we reverse the trial court’s denial of relator’s exception of improper venue. Because I believe that the venue exception is meritorious, I must respectfully dissent from the majority’s opinion.
The incident giving rise to plaintiffs suit occurred in Jefferson Parish, Louisiana on 15 July 1996. Plaintiff was a Jefferson Parish domiciliary; defendants are foreign insurers. According to the petition, plaintiff was acting in the course and scope of his employment with Year Round Heating and air-conditioning Company, an Orleans Parish domiciliary, at the time of the accident. Relator, Valley Forge Insurance Company, allegedly issued an insurance policy providing underinsured motorist coverage to Year Round. Plaintiff alleges the accident was caused by the negligence of underinsured motorist Jennifer Thomas, driver of a second vehicle.
The trial court on rehearing held that because Orleans Parish was the domicile of the named insured, Year Round, venue was proper pursuant to La. C.C.P. art. 42 and La. C.C. P. art. 76.
La. C.C.P. art. 42 provides that an action against a foreign insurer shall be | ¡^brought in the parish of East Baton Rouge. La. C.C.P. art. 76 provides that an action on an insurance policy may be brought in the parish where the loss occurred or where the insured is domiciled.
The relator, Valley Forge, is a foreign insurer doing business in this State and is being sued under Louisiana’s Direct Action Statute. The Direct Action Statute provides its own special venue, governed by La. R.S. 22:655(B)(1):
B. (1) The injured person or.his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 12 only. (Emphasis added)
Pursuant to the above cited statute venue would be proper in the parish in which an action could be brought against either the insured or the insurer under the general venue provisions of La. C.C.P. art. 42. The issue, then, is who is “the insured” for purposes of venue in the instant case.
The relator suggests that the only person who can be considered the insured is the person seeking to recover under the policy, i.e., the plaintiff. Thus, relator argues that Jefferson Parish, the domicile of the insured plaintiff, is the proper venue for the bringing of the case, not Orleans Parish. Clearly, venue is not proper in Orleans Parish, the domicile of the insured employer, because the plaintiff has no right to sue his own employer, except in worker’s compensation; thus, it is not possible to make the employer a party to the action. Accordingly, for purposes of this litigation, the “insured” being referred to in La. R.S. 22:665 is the plaintiff, the party who is actually bringing the action.
The insurance policy defines an insured as follows:
1. WHO IS AN INSURED
|oThe following are “insureds”
a. You.
b. Anyone else “occupying” a covered “auto” or a temporary substitute for a covered “auto”
*281 Certainly both Year Round and the plaintiff are insureds under the express terms of the policy.
The majority relies on this Court’s opinion in Gaspard v. Louisiana Farm Bureau Insurance Company, 96-2148 (La.App. 4th Cir.11/6/96), 684 So.2d 55, where we held that an insured may sue his uninsured motorist carrier under the Direct Action Statute in the parish of his own domicile. In reaching that conclusion, this court stated,
The fact that a plaintiff cannot sue him or herself is irrelevant ... because the Direct Action Statute does not require that the plaintiff actually sue the insured party in order to bring the suit in the parish of proper venue of the insured party. The provision thus protects an insured party’s right to file suit against his own uninsured motorist in the parish where he or she is domiciled.
Based on this language, the fact that a party cannot be sued in an action is irrelevant to the issue of venue under the Direct Action Statute, at least insofar as cases where an insured party wishes to sue in the place of his or her own domicile. However, whether this same rationale applies where an insured is seeking to sue in the parish of another insured is a significantly different issue.
The considerations in Gaspard were totally different from the considerations in this case. In Gaspard the plaintiff filing the action was attempting to sue his UM carrier in the Parish wherein he was domiciled. In the instant case, the plaintiff is attempting to prosecute his action in the Parish wherein his employer, apparently the named insurer on the policy, has his principal place of business. However, the employer is not and cannot be a party to the action. I find no compelling reason to Rextend the Gaspard rationale to these facts.
None of the parties have cited authority interpreting “the insured” within the context of La. C.C.P. art. 76 or La. R.S. 22:655(B)(1). However, I would find direction in the Supreme Court’s opinion in Osbon v. National Union Fire Ins. Co. 93-1975 (La.2/28/94), 632 So.2d 1158. There, the Louisiana Supreme Court gave a very restrictive meaning to the term, “the insured”. The Supreme Court considered the meaning of the phrase “the insured” in the context of a fire loss insurance policy. The issue was whether an innocent insured was barred from recovering under a policy when a fire home destroyed her intentionally set by her husband. The policy had limitations for losses caused by “the insured.” In interpreting the meaning of the words, “the insured”, the court stated:
The phrase “the insured” is not defined in the Insurance Code. We find that the phrase “the insured” is ambiguous because it could refer to the named insured, any insured as defined in the policy, or the particular insured seeking coverage who commits an act triggering the exclusion or condition.
The article “the” is singular and is used to particularize the subject spoken of. “The” is a word of limitation. Black’s Law Dictionary (6th ed.). Hence, “the” insured means only one insured. We find that the phrase “the insured” refers to a specific insured, namely, the insured who (1) is responsible for causing the loss and (2) is seeking to recover under the policy. Accordingly, under La.R.S. 22:691F(2), a loss by fire is not covered if the insured seeking coverage is responsible for causing the loss by neglecting to “use all reasonable means to save and preserve the property at and after a loss.”
Osbon, 632 So.2d at 1159-1160.
I believe the better course is to apply the Louisiana Supreme Court’s reasoning in Osbon, rather than to extend Gaspard to a dissimilar fact situation. In the instant case where the plaintiff is domiciled in Jefferson Parish and the accident occurred in Jefferson Parish, I find no equitable policy considerations would be served *282 by allowing the action to be brought in Orleans Parish.
|fiI would grant relator’s writ application, reverse the judgment of the trial court denying relator’s venue exception, and remand the case to the trial court for a determination of whether the case should be transferred to Jefferson Parish or East Baton Rouge Parish.