746 So.2d 793 (1999)
Alan CACAMO, Individually, and on Behalf of all others similarly situated
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY.
Edith Porobil, individually and on Behalf of all others similarly situated
v.
Allstate Insurance Company.
Monique Poirrier, Individually and on Behalf of all others similarly situated
v.
Progressive Security Insurance Company.
Nos. 99-CA-0047 to 99-CA-0049.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1999.
*794 Due, Caballero, Price & Guidry, Paul H. Due, Donald W. Price, Andre P. LaPlace, Baton Rouge, Patrick W. Pendley, Stan P. Baudin, Plaquemine, Attorneys for Plaintiff/Appellee.
Roedel, Parsons, Koch, Frost, Balhoff & McCollister, Larry M. Roedel, Dawn T. Trabeau-Mire, Brent J. Bourgeois, Carlton Jones, III, Phelps Dunbar, L.L.P., Allen D. Darden, Clinton R. Stuart, J. Wendell Clark, E'Vinski L. Davis, Baton Rouge, Attorneys for Defendant/Appellant.
Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY and DENNIS R. BAGNERIS, Sr.
JONES, Judge.
Defendants/appellants, Liberty Mutual Fire Insurance Company (Liberty Mutual), Allstate Insurance Company (Allstate), *795 and Progressive Security Insurance Company (Progressive), appeal the judgment of the trial court overruling their Declinatory Exception of Improper Venue. After considering the written and oral arguments of the parties and the general venue provisions of the Louisiana Code of Civil Procedure, we reverse the judgments of the trial court, sustain the Declinatory Exception of Improper Venue, and remand.

FACTS
Plaintiffs, Alan Cacamo, Edith Porobil, and Monique Poirrier, each filed a class action lawsuit against Liberty Mutual, Allstate and Progressive respectively. Their petitions entitled "Class Action Petition for Breach of Contract; Payment of a Thing Owed; Declaratory Relief; and for Damages," alleged that each one of the named insurers required their policyholders to pay fees, installment charges, and other consideration in addition to the regular monthly premiums. This, the plaintiffs alleged, was a violation of La. R.S. 22:627. The plaintiffs argued in their complaint that these additional charges were not disclosed to them when they initially executed their respective insurance policies. Further, each plaintiff sought reimbursement for all payments made in contravention of La. R.S. 22:627, damages and declaratory relief.
Liberty Mutual attempted to remove this matter to the United States District Court for the Eastern District of Louisiana, but the U.S. District Court remanded the case back to the state trial court on May 26, 1998.[1] Upon remand, the plaintiffs filed a joint Motion to Transfer and Consolidate Cases on June 4, 1998. The plaintiffs also filed a Motion for Class Certification on June 8, 1998. The trial court granted plaintiffs' Motion to Transfer and Consolidate; however, no action was taken on plaintiffs Motion for Class Certification.
On July 1, 1998, each of the three named insurers filed the Declinatory Exceptions of Improper Venue and Dilatory Exceptions of Prematurity[2]. Both Liberty Mutual and Allstate claimed that they were foreign insurers who could only be sued in East Baton Rouge Parish pursuant to La. C.C.P. art. 42(7). Progressive, the only domestic insurer, filed a similar exception, but asserted, under La. C.C.P. art. 42(2), that venue against it was proper only in Jefferson Parish, which is where its registered office is located. On September 4, 1998, the trial court overruled the exceptions of improper venue and prematurity. From this judgment, each insurer took a suspensive appeal.
The sole issue presented here is whether the plaintiffs' petitions for Breach of Contract against the named insurers under Louisiana's Direct Action Statute can be properly brought in Orleans Parish. Plaintiffs argue that venue is proper in Orleans Parish under the 1989 amendments to the class action venue provision in La. C.C.P. art. 593. The amended statute, they argue, allows a class to select venue from either Article 42 or from any of the exceptions to Article 42. Thus, the plaintiffs argue that under La.C.C.P. art. 76, venue is proper in Orleans Parish because the loss (i.e., the payment of undisclosed, non-premium fees and charges) incurred by each named plaintiff occurred in Orleans Parish.
*796 The defendants, in response, argue that the language of Article 593 was changed to limit, not broaden venue for class actions. More specifically, the defendants argue that Act 117 of 1989 was intended to overrule the result in Kellis v. Farber, 523 So.2d 843 (La.1988)[3] by excluding the permissive and mandatory exceptions to Article 42 when selecting venue in Direct Action lawsuits. We agree.

VENUE UNDER THE DIRECT ACTION STATUTE
The plaintiffs who filed suit against Allstate and Progressive filed their causes of action against these insurers under the Louisiana Direct Action Statute, which states in pertinent part:
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rule of venue prescribed by the Code of Civil Procedure art. 42 only. (Emphasis added).
See La. R.S. 22:655(B)(1).
This procedural right of action is available to any injured plaintiff who can establish that the insured possessed an insurance policy that was either issued or written in Louisiana or to those plaintiff who can prove that the accident in question occurred in Louisiana. See Continental Ins. Co. v. Jantran, Inc., 906 F.Supp. 362 (E.D.La.1995). Because the elements for filing a Direct Action lawsuit are in the disjunctive, plaintiffs must satisfy at least one element. Here, the plaintiffs allege that their property and casualty insurance policies were delivered to them in Louisiana and that the loss, which they define as the insurers' request for and their payment of additional and undisclosed fees and charges, occurred in Orleans Parish. Thus, we find the plaintiffs use of the Direct Action statute in this case was permissible.[4]
Nevertheless, venue in Direct Action lawsuits is limited. This Court has previously ruled on the issue of venue in a Direct Action lawsuit in Boatwright v. Metropolitan Life Insurance Co., 95-2525, (La.App. 4 Cir. 3/27/96), 671 So.2d 553, writ denied, 96-1327 (La.6/28/96), 675 So.2d 1130. In Boatwright, we reversed the trial court's judgment denying the insurers Declinatory Exceptions of Improper Venue by interpreting the amended provision of La. R.S. 22:655(B) to exclude any reference to the permissive and mandatory exceptions to La.C.C.P. art. 42. Our interpretation of the Direct Action statute in Boatwright resulted from the legislature's 1989 amendment to include the word "only" in the venue portion of the Direct Action Statute. Boatwright, 671 So.2d at 555. Likewise, in the case sub judice, venue against these insurers can only be established under the "home base" venue provisions of C.C.P. Art. 42. See also La. C.C. art. 9.

VENUE IN CLASS ACTIONS
In the alternative, the plaintiffs argue that they are not limited to just C.C.P. Art. 42 when selecting venue because the legislature failed to insert the word "only" following "article 42" in C.C.P. art. 593 as *797 it did in La. R.S. 22:655(B). Accordingly, the plaintiffs' argue that the legislature's refusal to restrict venue options under C.C.P. art. 593, allows injured plaintiffs, like those herein, to select venue under article 42 or from any of the exceptions to article 42, which are found in C.C.P. art. 71 through C.C.P. Art. 85. Moreover, the plaintiffs argue that the comments to C.C.P. Art. 593, were inserted specifically to broaden the class action lawsuits.
The defendants argue that though C.C.P. art. 593 was amended to exclude any reference to article 42 as the "proper venue" for class actions, the substance of the article was maintained. Moreover, the defendants argue that when C.C.P. art. 593 is read together with other applicable statutes (i.e., La. R.S. 22:655) their assertion that venue is limited to article 42 is confirmed. Further, the defendants argue that the plaintiffs' reliance on the comments recited after article 593 is non-persuasive because statutory comments are not binding. We agree.
The applicable provision of the C.C.P. art. 593 states:

A. An action brought on behalf of a class shall be brought in a parish of proper venue as to the defendant. (Emphasis added).
Having found that the instant matter is a Direct Action lawsuit in which venue is determined only under the provisions of article 42, we find that the legislature's use of the phrase "proper venue as to the defendant" does not undermine our holding in Boatwright. Moreover, our reading of article 42, together with R.S. 22:655, does not interfere with the legislative intent of the 1989 amendmentto allow venue only under article 42.
Additionally, article 42 contains seven distinct provisions in which venue would be proper for a particular defendant; therefore, the legislature's vague use of the phrase "proper venue as to the defendant" in the reading La. C.C.P. art. 593 is both appropriate and justified.
Laws on the same subject matter must be interpreted in reference to each other. See La. C.C. art. 10. Courts should avoid a construction that would lead to absurd results, and statutes must be interpreted in such a manner as to render their meaning rational, sensible and logical. See Vogt v. Board of Levee Com'rs, 95-1187 (La. App. 4 Cir. 9/4/96), 680 So.2d 149. Statutory construction need not be extreme, either liberal or strict; a fair and genuine construction is what the law requires. Louisiana Health Service v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090, 1094. Thus, we find no merit to plaintiffs' argument that the language in C.C.P. art. 593 allows the plaintiffs to utilize the permissive and mandatory exceptions to article 42.

SUIT ON INSURANCE CONTRACT OR STATUTE
Lastly, the plaintiffs argue that this particular lawsuit can be brought in Orleans Parish because it is an action on an insurance contract pursuant to C.C.P. article 76. The plaintiffs also argue that though their claim is contingent on the fact that the policies are in violation of La. R.S. 22:627, the underlying issue involves fees and charges requested "on" the insurance contract. In addition to C.C.P. art. 76, plaintiffs argue C.C.P. art. 76.1 is also applicable because it states that venue is permissible in the parish where the contract was executed, the parish where work or service is intended to be performed or the parish where the work was performed under the contract. Consequently, the plaintiffs submit that Orleans Parish is a proper venue under both articles 76 and article 76.1.
The defendants argue that the issue herein only involves statutory interpretation of La. R.S. 22:627, not a suit for recovery of benefits or a determination of coverage for tangible losses as a result of an accident or injury. We agree.
In the case sub judice, plaintiffs filed Breach of Contract lawsuits against each of the defendants for additional charges and fees illegally calculated into their regular premiums in violation of La. R.S. *798 22:627.[5] Notwithstanding the title of the lawsuits, we must conduct our own inquiry into the nature of the lawsuits to determine if these suits are based "on" the insurance contract or La. R.S. 22:627.
"Every pleading must be construed as to do (sic) substantial justice." See La. C.C.P. art. 865. Accordingly, courts look beyond mere headings and terminology used on or in pleadings to determine the circumstances and the true nature of the suit. See LSA-C.C.P. art. 865; Adams v. First Nat. Bank of Commerce, 93-2346, 94-0486 (La.App. 4 Cir. 9/29/94), 644 So.2d 219, writ denied, 94-3053 (La.2/3/95), 649 So.2d 411. In Adams, this Court concluded that although the plaintiffs' petition was entitled a Petition for Breach of Contract, the underlying issue was the defendant's verbal misconduct, which is classified as a tort. In Bullock v. Harrell, 94-515 (La. App. 5 Cir. 11/29/94), 646 So.2d 1181, 1182, our brethren at the Fifth Circuit interpreted the defendant's "Motion to Amend Judgment" as an informal Motion for a New Trial based on the body and content of the pleading.
Likewise, in the instant case, the plaintiffs identified their causes of action as breaches of contracts; however, the heart of their complaints encompasses whether La. R.S. 22:627 allows these insurers to assess additional charges and fees to the named plaintiffs. In fact, the petitions discuss, at length, the history of La. R.S. 22:627 from 1986 to 1995, and give a full recitation of the statute, including how the wording of the statute was changed prior to the filing of their lawsuits. Therefore, it appears that the lawsuits herein can only be resolved once the trial court interprets whether La. R.S. 22:627 would allow insurers to charge additional fees to policyholders when the said fees were not disclosed to the policyholders initially.
Accordingly, we find that the plaintiffs' claims are not classified as an action "on" an insurance policy, but one of statutory interpretation. Thus, the plaintiffs herein can only pursue their claims against Liberty Mutual and Allstate in East Baton Rouge Parish. On the other hand, venue as to Progressive, the only domestic insurer, is proper in Jefferson Parish, which is where its registered office is located. See La. C.C.P. art. 42(2).

DECREE
For the reasons assigned, the judgment of the trial court overruling the Declinatory Exception of Improper Venue is reversed and the case is remanded to the trial court to be transferred to the parish of proper venue for each defendant.
REVERSED AND REMANDED.
MURRAY, J., DISSENTS WITH REASONS
McKAY, J., DISSENTS FOR REASONS ASSIGNED BY MURRAY, J.
MURRAY, J., dissenting.
Because I find that the trial court correctly overruled the defendants' exceptions of improper venue, I must respectfully dissent.
Each of these three suits is an action by an Orleans Parish policyholder alleging that the defendant-insurer issued insurance policies that did not comply with statutory requirements regarding complete disclosure of all fees and premiums. Absent the purchase of a policy, none of the plaintiffs has a right to recover for the insurers' alleged violations, and each policy must be examined to determine whether, in fact, that statute was violated. Accordingly, I find that each of these three suits is clearly "an action on" one or more insurance policies, and venue in the parish where the insured is domiciled is, therefore, proper under Civil Procedure article 76.
*799 Furthermore, because Orleans Parish is a proper venue as to each of these three defendant-insurers, it is also proper venue for a class action against them under Civil Procedure article 593 A, which states:
An action brought on behalf of a class shall be brought in a parish of proper venue as to the defendant.
As applied here, this clear and unambiguous language merely provides that if a foreign insurer chooses to sell policies in any or all of this state's parishes, it can be subject to suit by its policyholders in those locations. Because there is nothing absurd in this result, the plain language of Article 593 A must be applied as written. La.Civ.Code art. 9; Cat's Meow, Inc. v. City of New Orleans, 98-0601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198. This long-standing principle of statutory construction requires that, "[w]hen a statute is clear the court must give credence to the mandate expressed by the legislature and cannot resort to construing a statute based on the sprit of the law as opposed to the plain wording of the law." Vogt v. Bd. of Levee Comm'ners, 95-1187, pp. 9-10 (La.App. 4th Cir. 9/4/96), 680 So.2d 149, 155, writ denied sub nom. Haspel & Davis Milling & Planting Co., Ltd. v. Bd. of Levee Comm'ners, 96-2430 (La. 12/6/96), 684 So.2d 932 (citation omitted).
Because Article 593 A plainly provides that venue for these class action suits is proper "in a parish of proper venue as to the defendant," without restriction or reference to any other venue provision, each of these insurers may be sued in Orleans Parish, where the plaintiff-policyholders are domiciled. Therefore, the trial court correctly overruled the defendants' exceptions, and the judgment should be affirmed.
McKAY, J., dissents for reasons assigned by MURRAY, J.
NOTES
[1] The remand to the state trial court was based on the fact that Liberty Mutual failed to provide sufficient evidence to show that attorney's fees could be added to the amount in controversy. Thus, the U.S. District Court determined that a remand was necessary because Liberty Mutual failed to establish the claim at issue exceeded the $75,000 jurisdictional amount.
[2] The dilatory exception of prematurity was premised on the fact that plaintiffs failed to exhaust all of their administrative remedies before filing suit. However, the defendants herein did not brief the issue of prematurity in the briefs submitted to this Court. Therefore, for purposes of this opinion, we will pretermit any discussion on the dilatory exceptions of prematurity. See Uniform Rules-Courts of Appeal, Rule 2-12.4.
[3] In Kellis, the plaintiffs sued a Jefferson Parish tortfeasor, the tortfeasor's employer, the employer's insurer, and plaintiff's UM insurer in Orleans Parish. The Supreme Court ruled that Orleans Parish was a proper venue for this action because C.C.P. art. 76 allowed the plaintiff to sue his UM carrier in his domicile. Further, the Supreme Court held that venue as to one of these solidary obligors was proper as to all solidary obligors. See Kellis, 523 So.2d at 845.
[4] The claim filed by Monique Poirrer against Progressive does not apply here because Progressive is a domestic insurer.
[5] The pertinent portion of R.S. 22:627 is in paragraph A which provides:

A. The premium quoted by the insurer shall be a specific dollar amount which shall be inclusive of all fees, charges, premiums, or other consideration charged for the insurance or for the procurement thereof ..." (Emphasis added).