| .KLEES, Chief Judge.
Appellants were sued under the Louisiana Direct Action Statute, La.Rev.Stat. Ann. 22:655, in Orleans Parish. In response to this petition, appellants filed a declinatory exception of improper venue, which was overruled by the trial court. Appellants filed a timely appeal seeking review of the trial court’s decision as to the proper venue for this action. For the reasons stated more fully herein, we affirm the trial court’s judgment.

FACTS

On March 19, 1999, Melien J. Demster, Sr. filed this suit for damages alleging that he sustained injuries as a result of asbestos exposure while working for Avondale Shipyards. Plaintiff named multiple defendants in the action, alleging that each of the defendants are liable in solido: Eagle, Inc., Reilly-Benton, Inc., and Taylor-Seid-enbach, Inc. (manufacturers and distributors of asbestos-containing products); Avondale Industries, Inc. and its executive officers, six of whom are deceased; Commercial Union Insurance Company, Highlands Insurance Company, American Motorists Insurance Company, and Travelers Insurance Company (Avondale insurers at the time of plaintiffs employment); and Steven Kennedy and Pete Territo (living Avondale executive officers).
Plaintiff sued Steven Kennedy and Pete Territo individually as solidary obligors. The Avondale insurers were sued under the Louisiana Direct Action Statute, La. Rev.Stat. Ann. 22:655 for the negligence of six deceased executive officers. The lawsuit was filed in the Civil District Court for the Parish of Orleans. |2The Avondale insurers filed a declinatory exception of improper venue, and the trial court denied the exception. Thereafter, the Avondale insurers filed a petition for devolutive appeal, which was granted by the trial court.

DISCUSSION

The primary issue presented for our review is whether the trial court failed to correctly apply the provisions of the Direct Action Statute and the holding of this Court in Boatwright v. Metro. Life Ins. Co., 671 So.2d 553 (La.App. 4th Cir.1996), writ denied, 96-1327 (La.6/28/96), 675 So.2d 1130. The Louisiana Direct Action Statute presently provides that an injured party has a direct action against an insurer within the terms and limits of the policy and that an injured party may bring such an action
against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. ⅛2 only.
La.Rev.Stat. Ann. 22:655, subd. B(l) (emphasis added).
Prior to 1989, the statute provided for venue in any parish of proper venue against either the insured or the insurer “under the general rules of venue prescribed by Code of Civil Procedure Art. 42.” The Louisiana Supreme Court interpreted the prior version of the statute providing for venue under La.Code Civ. Proc. Ann. art. 42 to “include all of the permissive and mandatory exceptions to La. C.C.P. art. 42, which appear in La. C.C.P. art. 71 to La. C.C.P. art. 85.” Kellis v. Farber, 523 So.2d 843 (La.1988). In 1989, the legislature amended the statute, *332 | Srestricting venue against a direct action insurer to those provisions in art. 42 only. The exceptions to art. 42 do not apply to cases against direct action insurers.
In Boatwright, another case filed by an Avondale employee against Avondale insurers for alleged exposure to asbestos, this Court clearly discussed the aforementioned amendment to the Direct Action Statute. Boatwright, 671 So.2d at 555-56. Although Boatwright involved an exception of improper venue filed by the Avondale insurers, that case did not discuss the main issue involved in this case — -whether the Direct Action Statute provides that venue is proper in the parish where an insured was domiciled at the time of his death.
The Direct Action Statute clearly provides that a direct action may be brought against an insurer alone when the insured is deceased. La.Rev.Stat. Ann. 22:655, subd. B(l)(f). With regard to the issue of venue of such an action, the Third Circuit explicitly rejected the contention that venue at the tortfeasor’s domicile is lost when the tortfeasor dies. Hobbs. v. Fireman’s Fund Am. Ins. Co., 339 So.2d 28, 35 (La. App. 3d Cir.1976), writ denied, 341 So.2d 896 (La.1977).
In Hobbs, the plaintiff sustained serious injuries in an automobile accident while riding as a guest passenger in his father’s car, which was being driven by Phillips. Id. at 32. As a result of her injuries, Phillips died within minutes after the accident. Id. at 34. Subsequently, Hobbs ■ sued Phillips’ primary and excess insurers in Rapides Parish, Phillips’ domicile. Id. at 31. Both insurers excepted as to venue arguing that Phillips, being deceased, had no domicile and that under the Direct Action Statute, venue could only be proper in East Baton Rouge Parish or in the parish where the accident occurred, Avoyelles Parish. Id. at 35. The court in Hobbs rejected this argument. The court reasoned that if a decedent has no domicile, in every personal action brought against a deceased party “venue under |4the direct action statute provided by LSA-C.C.P. art. 42(1) would be lost.” Id. The court held that, as to the insurer, venue at the tort-feasor’s domicile is not lost when the tort-feasor dies. Id.
Based on Hobbs, venue at the tort-feasor’s domicile is not lost when the tort-feasor dies. Although appellants argue that the decision in Hobbs may have lost its relevance and is not binding authority here, we find this argument to be without merit. The decision in Hobbs has not been overruled or judicially or legally challenged in any way. The decision in Hobbs is directly on point in the instant case and will be applied herein.
In the present case, two of the deceased Avondale executive officers were domiciled in Orleans Parish at the times of their deaths. Therefore, according to Hobbs, venue under the Direct Action Statute would be proper in Orleans Parish, at least with respect to those executive officers. We must next consider the issue of whether venue is also proper as to the executive officers and their insurers who are not domiciled in Orleans Parish.
In this case, we must consider whether La.Code of Civ. Proc. Ann. art. 73 can be applied to cases involving the Direct Action Statute. This issue has been squarely addressed by a panel of this Court in Gaspard v. Louisiana Farm Bureau Insurance Co., 96-2148 (LaApp. 4 Cir. 11/6/96), 684 So.2d 55, wherein the trial court’s granting of the insurers’ exception of improper venue was reversed. In Gaspard plaintiff, an Orleans Parish domiciliary, sued the tortfeasor and its insurer and her own UM carrier in Orleans Parish. This Court held that the Direct Action Statute allows an insured party to file suit against his own uninsured motorist carrier in the parish where he or she is domiciled. The Court also held that because venue was proper in the suit against the UM carrier, venue is also proper in the suit Ragainst the tortfeasor who was alleged to be solidarity liable with the UM carrier. Although the court in Gas- *333 pard acknowledged that the Boatwright decision held that venue against insurers sued under the Direct Action Statute is proper only in East Baton Rouge Parish, the court found the facts in the Gaspard case was factually distinguishable because none of the insured parties in Boatwright were residents of the parish where the plaintiffs filed suit. We find the decision in Gaspard to be controlling in the instant matter, and we therefore conclude that based on the doctrine of solidary liability, all executive officers and their insurers may be properly sued in Orleans Parish.
Defendants next argue that the Avon-dale insurers insured eight different executive officers and are being sued under the Direct Action Statute in eight separate capacities. As a result, defendants assert that the venue issue must be examined separately for each insured party.
Appellants rely solely on Trahan v. Liberty Mut. Ins. Co., 314 So.2d 350 (La.1975) to prove that an insurer’s relationship to a particular defendant is separate and independent from that insurer’s relationship to another defendant. In Trahan two defendant insurance companies were named in a suit as insurers of six executive officers of a salt mine. Id. at 355. In a second suit, the same two companies were named as defendants, only in their capacities as insurers of an employee of the salt mine. Id. The court stated that “insurers are liable only in their capacities as insurer of their respective insureds.” Id. at 356.
Based on Trahan, appellants argue that each Avondale insurer “maintains a separate identity with respect to its presence in these proceedings for each of its insureds [i.e. each Avondale executive officer].” However, Trahan is inapposite. In Tra-han, the first suit involved two insurance companies who were named as |fidefendants only as insurers of six executive officers who were solidary obligors. In deciding a prescription issue, the Court stated that the executive officers could not be solidary obligors with the employee named as a defendant in the second suit. Id. The Court’s holding in Trahan provides little guidance in deciding the issues in this case.
In the present case, the Avondale insurers have been named defendants in their capacity as insurers of the executive officers of Avondale; the executive officers of Avondale are solidary obligors. La.Code of Civ. Proc. Ann. art. 73 states that a suit against solidary obligors may be maintained at the domicile of any obligor who is made a defendant to the action. Applying art. 73 to this case, venue would be proper in Orleans Parish because two of the eight executive officers were domiciled in Orleans Parish at the times of their deaths and because the executive officers are soli-dary obligors.

CONCLUSION

Appellants have failed to prove venue at an insured’s domicile is lost when the insured party dies. In fact, the jurisprudence has explicitly rejected that notion. In addition, jurisprudence of this Court provides that the provisions regarding exceptions to the general venue article based on solidary liability may be applied to soli-dary obligors properly sued under the Direct Action Statute. Accordingly, for the reasons assigned herein, the trial court’s denial of appellants’ exception of improper venue is affirmed at appellants’ costs.

AFFIRMED.