1WILLIAM H. BYRNES, III, Chief Judge.
The Travelers Indemnity Company (“Travelers”) appeals the trial court’s denial of the exception of improper venue. We affirm in part and remand.
On May 17, 2002, the survivors of Joseph J. Chiasson instituted the present wrongful death and survival action against the defendants, alleging that Chiasson died *1011 as a result of occupational exposure to asbestos while working for the defendant McDermott, Inc. Included as defendants were 14 of Chiasson’s co-workers and executive officers of McDermott, Inc. and Travelers, their insurer.
Travelers filed exceptions of non-joinder of an indispensable party, no cause of action, no right of action and improper venue on August 22, 2002. After a hearing on October 4, 2002, the trial court rendered judgment on October 14, 2002, denying Travelers’ exceptions. The trial court granted Travelers’ motion to appeal the denial of the exception of improper venue.
On appeal, Travelers contends that venue is not proper in Orleans Parish under the Direct Action statute. La. R.S. 22:655(B) provides in pertinent part:
The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and |2the insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only....
In Rufus Boatwright v. Metropolitan Life Ins. Co., 95-2525 (La.App. 4 Cir. 3/27/96), 671 So.2d 553, this Court held that the exceptions to La. C.C.P. art. 42 established by C.C.P. arts. 71 through 85 do not apply to cases against direct action insurers. See also 1989 Official Comment, La. R.S. 22:655.
In the present case, Travelers maintains that the decedent worked for McDermott, Inc. in St. Mary Parish. Travelers is a foreign insurer and as insurer for McDer-mott, properly could have been sued in East Baton Rouge Parish under La. C.C.P. art. 42. Of the 14 co-employee executive officers, plaintiffs alleged that 12 are either dead or cannot be located. Under La. C.C.P. art. 42, suit also could have been filed properly in Assumption Parish or St. Mary Parish where the two remaining employees, Addison Daigle and J. Dennis David, are domiciled.
In Dempster v. A.P. Green Industries, Inc., 99-2198 (La.App. 4 Cir. 1/26/00), 753 So.2d 330, this court held that venue at a tortfeasor’s domicile is not lost when the tortfeasor dies. This court stated: ... “provisions regarding exceptions to the general venue article based on solidary liability may be applied to solidary obligors properly sued under the Direct Action Statute.” Id., 753 So.2d at 333.
The plaintiffs in the present case argue that the trial court’s denial of the exception of improper venue should be upheld because the individual domiciles of the 12 remaining co-employees executive officers have not yet been determined. The plaintiffs argue that with additional discovery, they may still be able to show |sthat the domicile of one of the remaining 12 defendants, solidary obligors, was in Orleans Parish.
Travelers asserts that the question of venue is strictly a question of law, and the issue must be reviewed de novo on appeal. City of New Orleans v. Bd. Of Com’rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237. However, in the present case, the trial court did not rule on the merits but denied the exception of improper venue at this time, and allowed the plaintiffs additional time to determine the domiciles of the 12 remaining McDermott co-employee executive officers. The trial court has broad discretion in handling discovery matters. Bergeron v. Pan Ameri *1012 can Assur. Co., 98-2421 (La.App. 4 Cir. 4/7/99), 731 So.2d 1037; Connick v. Brechtel, 98-0543 (La.App. 4 Cir. 4/22/98), 713 So.2d 583, writ denied 98-1404 (La.6/3/98), 720 So.2d 1202.
In the present case, the trial court did not abuse its broad discretion in allowing additional time for the plaintiffs to discover the proper domiciles of the 12 co-employee executive officers, solidary obligors, before finding whether venue is proper in Orleans Parish.
Accordingly, we vacate the trial court’s denial of the Travelers’ exception of improper venue because it is premature. We affirm the trial court’s discretionary determination to allow the plaintiffs additional time to discover whether venue is proper in Orleans Parish. After additional discovery, the trial court may rule on the exception of improper venue. The case is remanded for further proceedings.

AFFIRMED IN PART & REMANDED.